# 99 DTA 217

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL IV**

POLICIA DE PUERTO RICO
Parte Recurrente

v.

ELVIN VILLEGAS NIEVES
Parte Recurrida

DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS
Agencia Recurrida

Núm. KLRA-99-00139

San Juan, Puerto Rico, a 2 de agosto de 1999

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurso instado en el caso de epígrafe interesa la revisión de un dictamen emitido y notificado el 2 de marzo de 1999 por la Secretaria del Departamento del Trabajo y Recursos Humanos. Mediante éste, el que fue emitido luego de la celebración de una vista efectuada a tenor con el procedimiento apelativo dispuesto en la Sec. 6 (f) de la Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956, según enmendada, 29 L.P.R.A. sec. 706(f), fue confirmada la resolución del árbitro del Negociado de Seguridad de Empleo que declaró al reclamante recurrido, Elvin Villegas Nieves, elegible para recibir los beneficios conferidos en virtud de la sección 4(b) (3) de la referida ley, 29 L.P.R.A. sec. 704 (b)(3).

Examinado el recurso y los fundamentos de revocación invocados por la Policía de Puerto Rico, patrono del recurrido y parte promovente del recurso que nos ocupa, emitimos resolución requiriendo la comparecencia en oposición de la parte recurrida. En atención a dicho requerimiento, el Negociado de Seguridad de Empleo (el Negociado) compareció ante nos mediante escrito titulado *"Posición Frente a Recurso de Revisión"*. En éste expone, entre otros extremos, que la aquí recurrente, como patrono del reclamante, carece de legitimación para impugnar ante este foro apelativo el dictamen recurrido. A tales efectos, invoca la opinión emitida por el Tribunal Supremo de Puerto Rico en *Acevedo v. Western Digital Caribe, Inc.,* 140 D.P.R. ___ (1996), **96 J.T. S. 42.** Argumenta, tal como allí se resolvió, que el patrono, Policía de Puerto Rico, no tiene capacidad para comparecer en calidad de *"parte",* o de manera contenciosa o adversativa en los procedimientos administrativos ante el Negociado, sino como testigo en cumplimiento de una citación, por lo que carece de legitimación activa para impugnar en el foro judicial la resolución recurrida. De otra parte nos solicita, sin haber interpuesto recurso de revisión alguno para impugnar el dictamen que fue recurrido por la Policía, que procedamos a expedir el auto solicitado para revocar el dictamen recurrido. A tales efectos, argumenta que el Negociado, parte con interés en el procedimiento administrativo apelativo, no fue notificado adecuadamente sobre el señalamiento de la vista evidenciaria ante el árbitro, razón por la cual no pudo presentar evidencia que sustentara su determinación original, ello sin cuestionar la debida notificación de la decisión de la Secretaria, la que ahora tardíamente pretende impugnar. En cuanto a este último extremo, resolvemos de entrada que, en ausencia de interposición de recurso de revisión judicial por parte del Negociado en tiempo oportuno, este Foro carece de jurisdicción para considerar tal fundamento de revocación por él invocado y, menos, para conceder remedios a su favor. Basta con señalar que el término de treinta (30) días dispuesto en la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2172, para interponer un recurso de revisión judicial, es uno de naturaleza jurisdiccional y ninguna discreción tenemos para extender el término que tenía disponible el Negociado a tales efectos. [1] *Martínez v. Junta de Planificación,* 109 D.P.R. 839, 842 (1980); *Maldonado v. Pichardo,* 104 D.P.R. 778, 782 (1976).

Veamos ahora si la aquí recurrente, patrono del reclamante recurrido, tiene legitimación para impugnar ante este foro el dictamen recurrido.

### I

El 15 de octubre de 1996, el señor Elvin Villegas Nieves obtuvo un nombramiento de Cadete en la Policía de Puerto Rico, sujeto a un período probatorio de dos años. Durante el mismo, el señor Villegas sería evaluado por sus superiores para determinar si su conducta y capacidad ameritaban la concesión de un nombramiento con carácter permanente. Surge de los autos que el 3 de febrero de 1998, el aquí recurrido entregó voluntariamente una muestra de orina al personal del Programa de Detección de Sustancias Controladas del Instituto de Ciencias Forenses de Puerto Rico con el fin de determinar la presencia o ausencia de sustancias controladas en su organismo. Mediante comunicación fechada el 26 de febrero de 1998, la Directora del referido Instituto informó al Superintendente de la Policía, Pedro A. Toledo Dávila, que la muestra de orina del señor Villegas arrojó un resultado positivo para metabolito de cocaína (benzoylecgonina). Ello dio base a que

el señor Villegas fuera separado de su puesto mediante carta fechada 19 de marzo de 1998, suscrita por el Superintendente de la Policía. Esta determinación fue apelada por el aquí recurrido ante la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.). Además, y mediante trámite independiente, solicitó los beneficios del seguro por desempleo en el Negociado de Seguridad de Empleo del Departamento del Trabajo y Recursos Humanos (en adelante, Negociado), conforme a lo dispuesto en la Ley Núm. 74, *supra*. Esta solicitud de beneficios fue denegada mediante determinación que le fue notificada el 7 de septiembre de 1998, en la que fue informado de su derecho a presentar un recurso de apelación y el término para ello.

Inconforme el aquí recurrido con dicho dictamen, procedió a interponer el correspondiente recurso de apelación en tiempo oportuno ante la División de Apelaciones del Negociado. Ello dio base que la árbitro Bélgica Rivera Aponte, luego del trámite de lugar y celebración de vista, emitiera resolución, la que fue notificada el 16 de diciembre de 1998. Mediante ésta revocó la determinación previa del Negociado. Dictaminó así que el señor Villegas era elegible para recibir los beneficios de seguro por desempleo. ■ Notificado como fue dicho dictamen, la aquí recurrente, Policía de Puerto Rico, interpuso recurso apelativo ante la Secretaria del Departamento del Trabajo y Recursos Humanos. ■ En el mismo imputó, como fundamento de revocación, que no fue adecuadamente notificada sobre la celebración de la vista ante la árbitro del Negociado, razón por la cual se vio impedida de comparecer a la misma y de presentar prueba sobre la razones que tuvo para separar de su puesto al señor Villegas.

Considerado como fue el referido recurso, luego del trámite correspondiente dispuesto en la Sec. 6(f) de la Ley de Seguridad de Empleo, 29 L.P.R.A., sec. 706(f), el juez administrativo designado, Enrique Verges Borrero, emitió la resolución ahora recurrida, la que fue debidamente notificada en igual fecha al Negociado y al patrono, Policía de Puerto Rico. Mediante ésta, la Secretaria confirmó el dictamen apelado emitido por la árbitro del Negociado, quien decretó la elegibilidad del recurrido para ser acreedor a los beneficios de seguro por desempleo. ■ Al así dictaminar, desmereció el fundamento de revocación invocado y resolvió *"que el patrono fue debidamente notificado de la vista y que su incomparecencia fue una renuncia a su derecho constitucional a ser oído".* ■

Fue a la luz de los antecedentes antes expuestos, e inconforme con el referido dictamen de la Secretaria, que el patrono, Policía de Puerto Rico, procedió a interponer el recurso que nos ocupa. En su único señalamiento de error, imputa que incidió la Secretaria al no permitir que la Policía presentara evidencia para sostener la improcedencia de los beneficios peticionados por el recurrido bajo la Ley de Seguridad de Empleo, *supra*.

Encontrándonos ahora en condición de dictaminar, resolvemos que la aquí recurrente, Policía de Puerto Rico, carece de legitimación activa para impugnar el dictamen recurrido. Procede, en consecuencia, decretar la desestimación del recurso instado.

## II

Conforme la doctrina general de legitimación activa, requisito indispensable del principio de justiciabilidad que debe permear todo caso o controversia presentado ante el foro judicial, es escencial que, en ausencia de un estatuto que le otorgue legitimación, la persona que solicita un remedio judicial pruebe: (1) que ha sufrido un daño claro y palpable; (2) que el daño es real, inmediato y preciso, y no uno abstracto o hipotético; (3) que la causa de acción surge bajo el palio de la Constitución o de una ley; y (4) que existe una conexión entre el daño sufrido y la causa de acción ejercitada. *García Oyola v. J.C.A.*, 142 D.P.R. ___ (1997), **97 J.T.S. 25**, pág. 662; *Asoc. de Maestros P.R. v. Srio. Educación*, 137 D.P.R. ___ (1994), **94 J.T.S. 145**, pág. 446, y casos allí citados. Igual exigencia priva en el ámbito administrativo, requiriéndose que la persona que interesa la

intervención judicial satisfaga el requisito de legitimación. *García Oyola v. J.C.A., supra.* Ahora bien, y como atinadamente señala el profesor Demetrio Fernández Quiñones en su obra *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* Editorial Forum, Bogotá (1993), a las págs. 487-488, *"[e]l hecho de haber participado en el proceso administrativo no les asegura que posean la legitimación necesaria y requerida para la intervención judicial".* En el derecho administrativo, nos ilustra el profesor Fernández, sólo resulta incuestionable la acción legitimada de la denominada *"parte obvia".* Esa *"parte"* es aquella que, además de estar legitimada para comparecer como *"parte"* en los procedimientos administrativos ante la agencia, ha sido sujeto u objeto de la actuación administrativa. Esto es cónsono con el mandato establecido en la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), *supra,* según enmendada, 3 L.P.R.A. sec. 2172, a los fines de que sólo *"[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente p[ueda] presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones...".* Surge así, pues, con meridiana claridad que, a los fines de la revisión judicial de una determinación final de una agencia, la persona que recurre al foro judicial tiene que haber sido *"parte"* en el procedimiento administrativo, y haber sido *"adversamente afectada"* por la resolución u orden recurrida. De no serlo, carece de legitimación activa para incoar el correspondiente recurso de revisión y, por ende, el foro judicial carece de jurisdicción para considerarlo.

Considerando ahora la situación particular del aquí recurrente a la luz de lo dispuesto en la Ley de Seguridad de Empleo de Puerto Rico, *supra,* y examinada la jurisprudencia interpretativa en lo que nos resulta aplicable, forzoso es concluir que el aquí recurrente no fue *"parte"* en el procedimiento administrativo para la concesión de los beneficios por desempleo al señor Villegas y, por consiguiente, carece de legitimación para instar y mantener el recurso que nos ocupa.

La Ley de Seguridad de Empleo de Puerto Rico, *supra,* fue adoptada con el único objetivo de *"promover la seguridad de empleo facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas".* 29 L.P.R.A. sec. 701. Entre sus disposiciones, la referida ley establece que será el Negociado de Seguridad de Empleo la organización a cuyo cargo estarán las determinaciones sobre concesión de los beneficios por desempleo, 29 L.P.R.A. secs. 705-708, y las acciones derivadas de la administración del fondo de desempleo. 29 L.P.R.A. sec. 708. A estos efectos, dispone los requisitos y condiciones para recibir los beneficios por desempleo, 29 L.P.R.A. sec. 704(a), y los parámetros para determinar las contribuciones que deben pagar los patronos para sufragar el fondo de desempleo. 29 L.P.R.A. sec. 708. Establece, además, el procedimiento a seguirse para peticionar tales beneficios correspondiéndole al Director del Negociado determinar la condición de patrono asegurado, así como si el reclamante está descalificado, conforme a las exclusiones que la propia ley dispone para recibir tales beneficios. 29 L.P.R.A. sec. 705(d). Dentro de dicho trámite, se contempla que una unidad de empleo que tenga conocimiento de hechos pertinentes a tal solicitud de beneficios por parte de un trabajador asegurado podrá notificar de ello al Director conforme a las disposiciones reglamentarias aprobadas a tales efectos. 29 L.P.R.A. sec. 705 (c).

De otra parte, y en lo que respecta a la notificación de la determinación del Director con relación a tal solicitud de beneficios, dispone la referida ley que se dará pronta notificación al reclamante, así como a la unidad de empleo que últimamente hubiere empleado al reclamante, pero en cuanto a esta última, *"solamente si, con anterioridad a dicha determinación, ella hubiere suministrado al Director información de acuerdo con las disposiciones del inciso (c) [de la Sec. 705]",* o cuando la determinación de que el empleado está descalificado conforme a lo dispuesto en la sec. 704(b) de la ley, *supra, "esté basada totalmente o en parte en la información [por él] suministrada".* 29 L.P.R.A. sec. 705(e).

Con relación a la determinación que haga el Director del Negociado respecto a la concesión de los beneficios, de resultarle adversa, el reclamante podrá establecer apelación contra tal determinación ante un árbitro. Este último, dentro del término de quince (15) días dispuesto en la ley y conforme al procedimiento de revisión establecido, celebrará prontamente una audiencia en la que dilucidará todos los hechos que tengan relación con las cuestiones envueltas, audiencia que será notificada y en la que participarán las personas con derecho a recibir notificación de la determinación y el Director. 29 L.P.R.A. sec. 706(b)(c). No obstante, y en lo que respecta a la unidad de empleo, sólo comparecerá ésta en calidad de *"parte"* si la apelación en cuestión envuelve alguna controversia en cuanto a si el servicio prestado por el reclamante constituye *"trabajo asegurado".* 29 L.P.R.A. sec. 706(b). De lo contrario, su comparecencia en la vista será en calidad de testigo en cumplimiento de una citación del Negociado para que presente evidencia sobre las razones que motivaron la destitución del reclamante y que posteriormente sirvieron de fundamento al Negociado para denegar los beneficios solicitados. 29 L.P.R.A. sec. 705 (c),(e)(3). Ello responde a que el único propósito de esta vista es que la reclamación del obrero desempleado sea adjudicada a base de testimonios y de cualquier otra evidencia dada o presentada en la vista e incluida en el expediente. ■ Celebrada la vista, y emitido y notificado el dictamen del árbitro, *"[c]omo cuestión de derecho se concederá una apelación por cualquier parte para, ante la Secretaria, si la decisión del árbitro hubiere revocado o modificado la determinación del Director y a discreción de la Secretaria de haberse confirmado el dictamen".* 29 L.P.R.A. sec. 706(f). Este inciso provee, además, que *"el Secretario podrá, a su propia iniciativa, proceder a la revisión de una decisión o determinación de un árbitro dentro de quince (15) días a partir de la fecha de la decisión",* estando autorizado el Secretario a delegar la autoridad para revisar las decisiones del árbitro en uno o más funcionarios del Departamento, los cuales serán designados como jueces administrativos y la decisión de éstos se considerará como la decisión del Secretario. *Id.*

Finalmente, y siguiendo el esquema dispuesto por ley para la revisión judicial, se dispone en 29 L.P.R.A. sec. 706(i), que la decisión del Secretario será final a no ser que las partes soliciten su reconsideración o interpongan recurso de revisión judicial dentro del término jurisdiccional que tienen disponible a tales efectos, debiendo entenderse, a todo efecto legal, que las partes con legitimación para interponer el recurso son el reclamante y el Negociado de Seguridad de Empleo. Así lo resolvió nuestro Tribunal Supremo de Puerto Rico en *Acevedo v. Western Digital Caribe, Inc., supra,* a la pág. 881, donde expresó que en acciones sobre determinación de despido injustificado ante el Negociado de Seguridad de Empleo, el patrono no comparece como parte, siendo éstas el obrero desempleado y el Negociado. Al así dictaminar, fue el criterio de dicho alto foro que la unidad de empleo (patrono) no comparece en calidad de *"parte",* ni a modo contencioso o adversativo, sino como testigo en cumplimiento de una citación del Negociado en virtud de la Sección 5 de la referida Ley. ■ 29 L.P.R.A. sec. 705(c). A estos efectos, reconoció que *"... si un patrono viniese obligado por una determinación del Negociado, los procedimientos administrativos sumarios para conceder beneficios por desempleo se tornarían en una especie de juicios en su fondo",* lo que sería un absurdo, máxime cuando el patrono no está expuesto a pérdida económica alguna ante una determinación de elegibilidad del Negociado, ello toda vez que los beneficios por desempleo provienen del fondo de reserva y no de los recursos del patrono. 29 L.P.R.A. sec. 710 (d).

Dirigiendo nuestra atención a la situación particular del caso que nos ocupa, observamos que el Negociado de Seguridad de Empleo, acorde con sus funciones y ámbito de autoridad, atendió el reclamo de beneficios por desempleo del aquí recurrido y denegó los beneficios solicitados. Recurrido como fue dicho dictamen conforme al esquema de revisión dispuesto por la Ley de Seguridad de Empleo, *supra,* se celebró la vista correspondiente ante el árbitro designado, quien, luego del trámite correspondiente y la celebración de vista, a la que fue citada la unidad patronal según determinado en la resolución recurrida, emitió su dictamen revocando la decisión del Director, otorgándole al recurrido los beneficios por él peticionados. Este dictamen en apelación, favorable al reclamante, fue confirmado por la Secretaria del Trabajo mediante el dictamen que

pretende aquí impugnar ante nos la unidad patronal, Policía de Puerto Rico, mediante el recurso que nos ocupa. Evidente resulta que tales intervenciones del aquí recurrente, Policía de Puerto Rico, en el trámite administrativo antes señalado, lo fue como testigo y no en calidad de parte, ni a modo contencioso o adversativo. *Acevedo v. Western Digital Caribe, Inc., supra*, a la pág. 881. Con este limitado alcance, y ante la realidad de que el patrono no está expuesto a pérdida económica alguna ante una determinación de dicho Negociado debido a que, según indicado, los beneficios por desempleo provienen del fondo de reserva y no de los recursos del patrono, id., forzoso nos resulta concluir que la aquí recurrente no fue *"parte"* en el trámite administrativo que culminó con el dictamen que es objeto de impugnación mediante el recurso que nos ocupa. Resolvemos, en consecuencia, que la Policía de Puerto Rico, unidad patronal en el referido trámite, carece de legitimación activa para impugnar el dictamen recurrido. Tal falta de legitimación conduce a un sólo curso decisional. Decretar la desestimación del recurso instado en el caso de epígrafe, por falta de jurisdicción.

### III

Por los fundamentos antes expuestos, se dispone la desestimación del recurso instado en el caso de epígrafe.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 217

**1.** Surge del expediente del caso que nos ocupa que el dictamen recurrido fue notificado y se archivó en autos copia de tal notificación el 2 de marzo de 1999, habiendo comparecido en autos el Negociado el 6 de mayo de 1999. De otra parte, tampoco podemos considerar el escrito tardíamente presentado por el Negociado como un recurso de revisión, por no cumplir el mismo con las exigencias de ley y reglamento a tales efectos.

**2.** Véase Resolución de la División de Apelaciones del Negociado de Seguridad de Empleo de 27 de noviembre de 1998, Apéndice del recurso, págs. 15-16.

**3.** Véase recurso de Apelación presentado por el Superintendente de la Policía ante la Secretaria del Departamento del Trabajo y Recursos Humanos, Apéndice del Recurso, págs. 17-19.

**4.** Por así disponerlo expresamente la Sec. 6 (f) de la Ley de Seguridad de Empleo, *supra*, *"[e]l Secretario podrá delegar la autoridad para revisar las decisiones del árbitro en uno o más funcionarios del Departamento, los cuales serán designados como jueces administrativos. La decisión del Juez Administrativo se considerará la decisión del Secretario"*. 29 L.P.R.A. sec.706(f).

**5.** Véase Resolución de la Secretaria del Trabajo y Recursos Humanos, Apéndice del recurso, pág. 4.

**6.** Véanse Secciones 6.1-3 y 6.1-6 del Reglamento Núm. 2 para regular el pago de beneficios de desempleo, Reglamento 1223 de 30 de diciembre de 1968, según enmendado.

**7.** Sobre este extremo, el Tribunal Supremo aclaró que el Secretario del Departamento del Trabajo y Recursos Humanos no se encuentra en relación mutua con el patrono, ni representa los intereses del mismo en estos procesos administrativos.