ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| EVIAN INTERNATIONAL, S.A.,<br><br>Apelante,<br><br>v.<br><br>DESTILERÍA COQUÍ, INC.,<br><br>Apelada. | KLAN202400939 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez.<br><br>Civil núm.: MZ2024CV00304.<br><br>Sobre: cobro de dinero (ordinario). |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Nos corresponde dilucidar si la determinación del foro primario de desestimar la demanda en este caso, a la luz de una cláusula en el contrato suscrito entre las partes litigantes, que exigía que las controversias que se suscitaran en cuanto al mismo se atendieran a través de los mecanismos alternos para la resolución de controversias de la Cámara de Comercio de Puerto Rico, es correcta en derecho o no.

Evaluadas las sendas posturas de las partes comparecientes, concluimos que el Tribunal de Primera Instancia no erró, por lo que **confirmamos** la sentencia desestimatoria.

I

El 23 de febrero de 2024, Evian International, S.A. (Evian), presentó una demanda contra Destilería Coquí, Inc. (Destilería Coquí). En ella, alegó que, el 19 de diciembre de 2019, las partes del título suscribieron un contrato de préstamo. Adujo que mediante el referido acuerdo prestaría $250,000.00 a Destilería Coquí, quien, a su vez, se obligó a devolver la referida cantidad mediante pagos anuales de $50,000.00, e intereses anuales del 4%. No obstante, la apelada Destilería Coquí presuntamente incumplió con las condiciones de pago.

Número identificador

SEN2024_____

En específico, Evian señaló que, a pesar de haber realizado pagos parciales, Destilería Coquí mantenía una deuda líquida, vencida y exigible ascendente a $157,589.11, que incluye principal e intereses. Por tanto, solicitó al Tribunal de Primera Instancia que ordenara el pago de la suma adeudada, impusiera sobre la referida cantidad el interés legal de 9.5% hasta que la misma fuera satisfecha, y ordenara el pago de honorarios de abogado, correspondiente al 10% de la deuda y equivalentes a $15,758.00.

Tras varias incidencias procesales, el 30 de abril de 2024, el Tribunal de Primera Instancia le anotó la rebeldía a Destilería Coquí[1]. Posteriormente, el 7 de mayo de 2024, el tribunal emitió una *Sentencia* en rebeldía, mediante la cual concedió los remedios solicitados en la demanda[2].

No obstante, el 22 de mayo de 2024, Destilería Coquí presentó varias mociones sin someterse a la jurisdicción del tribunal; entre ellas, una de reconsideración, para que se dejase sin efecto la anotación de su rebeldía[3], así como una moción de desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V[4]. En esta última, adujo que el Tribunal de Primera Instancia carecía de jurisdicción para atender la controversia. Ello, en atención a que, en el contrato suscrito entre ellas, las partes litigantes habían pactado que la resolución de las disputas que suscitasen entre ellas se llevaría a cabo a través de los mecanismos alternos para la resolución de controversias de la Cámara de Comercio de Puerto Rico.

El 28 de mayo de 2024, el Tribunal de Primera Instancia dejó sin efecto la rebeldía previamente anotada a Destilería Coquí y le otorgó un término a Evian para que presentara su posición con relación a la moción de desestimación[5].

---

[1] *Véase*, apéndice del recurso, a la pág. 18.

[2] *Íd.*, a las págs. 19-21.

[3] *Íd.*, a las págs. 22-30.

[4] *Íd.*, a las págs. 31-36.

[5] *Íd.*, a la pág. 39.

El 13 de junio de 2024, Evian presentó su oposición a la solicitud de desestimación[6]. Sostuvo que el foro seleccionado resultaba ser irrazonable e injusto. En particular, arguyó que, a pesar de haber pactado que los conflictos serían resueltos ante la Cámara de Comercio de Puerto Rico (Cámara de Comercio), este no era un foro apropiado, toda vez que se trataba de una entidad privada, la cual ofrece servicios exclusivos a sus socios. Respecto a ello, adujo que Evian no era socia de la Cámara de Comercio y, además, que desconocía si Destilería Coquí lo era o no. También, resaltó que el contrato se refería a mecanismos alternos de resolución de conflictos, sin especificar qué tipo de conflictos, lo cual generaba un elemento de incertidumbre en cuanto a qué sería dilucidado ante el referido foro. Finalmente, planteó que imponer a las partes contratantes la obligación de que sus reclamos fueran ventilados ante la Cámara de Comercio, resultaría irrazonable e injusto. Por tanto, solicitó al foro primario que atendiera la controversia en sus méritos.

Sometido el asunto, el 1 de agosto de 2024, el Tribunal de Primera Instancia notificó a las partes del título la *Sentencia* mediante la cual desestimó la causa de acción incoada por Evian[7]. En síntesis, determinó que carecía de jurisdicción para atender las controversias que surgieran a raíz del contrato otorgado entre las partes. Ello, en atención a que cada controversia que surgiera como parte del contrato debía ser resuelta, según pactado, a través de los mecanismos alternos para la resolución de controversias de la Cámara de Comercio.

Inconforme con la referida determinación, el 16 de agosto de 2024, Evian presentó una moción de reconsideración[8]. En esencia, reiteró los argumentos previamente expuestos en su moción de oposición a la solicitud de desestimación.

---

[6] *Véase*, apéndice del recurso, a las págs.40-45.

[7] *Íd.*, a las págs. 84-90.

[8] *Íd.*, a las págs. 91-95.

En respuesta a la referida moción, el 20 de agosto de 2024, Destilería Coquí presentó su oposición[9]. Subrayó que los términos establecidos en el contrato eran claros y constituían la ley entre las partes.

El Tribunal de Primera Instancia declaró sin lugar la moción de reconsideración el 18 de septiembre de 2024.

Aún inconforme, el 18 de octubre de 2024, Evian presentó esta apelación y formuló los siguientes señalamientos de error:

Erró el Tribunal de [Primera] Instancia al levantar la anotación de rebeldía y dejar sin efecto la sentencia emitida.

Erró el Tribunal de [Primera] Instancia al declararse sin jurisdicción para atender la controversia de autos.

Erró el Tribunal de [Primera] Instancia al no determinar que el foro seleccionado debe ser razonable y accesible.

Erró el Tribunal de [Primera] Instancia al desestimar la causa de acción habiendo una controversia de hechos.

Erró el Tribunal de [Primera] Instancia al no celebrar una vista evidenciaria.

Por su parte, el 18 de noviembre de 2024, Destilería Coquí presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

---

[9] *Véase*, apéndice del recurso, a las págs. 96-102.

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos debemos examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio. Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991). Cual apuntado, de determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, solo procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, a la pág. 855.

B

En Puerto Rico existe una vigorosa política pública a favor del arbitraje como método alterno para la solución de disputas y que toda duda sobre si procede o no el arbitraje debe resolverse a favor de este conforme haya sido pactado. *Aponte Valentín v. Pfizer Pharmaceuticals*, LLC, 208 DPR 263, 282 (2021).

En atención a la controversia ante nos, resulta preciso recalcar que el Tribunal Supremo de Puerto Rico ha reiterado que, aun cuando en nuestro ordenamiento existe una fuerte política pública a favor del arbitraje, este mecanismo se utilizará solo si las partes lo han pactado así y en la forma como lo hayan pactado. *Íd.* Véase*, además, *SLG Méndez Acevedo v. Nieves Rivera*, 179 DPR 359, 368 (2010). Lo anterior es cónsono con el principio de que el arbitraje es una figura jurídica inherentemente contractual. *Aponte Valentín v. Pfizer Pharmaceuticals*, LLC, 208 DPR, a la pág. 282. Es decir que, por tratarse de una figura de naturaleza contractual, solo se puede obligar a una parte a someter una disputa al procedimiento de arbitraje si esa parte lo ha pactado de esa forma.

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha indicado que **la determinación de si un acuerdo crea el deber de las partes de arbitrar una controversia en particular es tarea judicial**. *Aponte Valentín v. Pfizer Pharmaceuticals*, LLC, 208 DPR, a la pág. 283.

En cuanto lo anterior, el Tribunal Supremo determinó que este tipo de controversia incluye tres modalidades; a saber: (i) si existe un convenio de arbitraje; (ii) si ese convenio alcanza determinada controversia, y (iii) si el convenio alcanza una disputa sobre la duración o expiración del contrato. *Íd.* Por tanto, cuando se cuestiona directamente la validez de un acuerdo arbitral, corresponde a los tribunales dilucidar el asunto. *Íd.*

III

La parte apelante, Evian International, S.A., nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia el 31 de julio de 2024, notificada al día siguiente. En lo concerniente, señala que el foro primario incidió al declararse sin jurisdicción y desestimar su causa de acción.

Evian arguye que la mera existencia de la cláusula contractual no privaba de jurisdicción al tribunal. Señala que la aludida cláusula de selección de foro resultaba irrazonable e injusta y, de hacerla valer, resultaría en una clara y patente inequidad. En cuanto a ello, mantiene que, para sostener la efectividad de la cláusula citada en la sentencia, el tribunal debió haber celebrado una vista evidenciaria en la que se demostrara que Destilería Coquí era socia de la Cámara de Comercio y, como corolario de ello, tenía acceso a los servicios de métodos alternos para la resolución de conflictos ofrecidos o disponibles en la Cámara. En la alternativa, propone que la cláusula era demasiado amplia y general, por lo que no debía surtir efecto alguno.

Por su parte, Destilería Coquí reitera que el foro primario carecía de jurisdicción para atender la controversia; ello, en atención a la cláusula de selección de foro suscrita por las partes litigantes en el contrato de préstamo. A su vez, señala que, ante la evidente falta de jurisdicción, no

procedía la celebración de una vista evidenciaria. Además, resalta que Evian incumplió con las cláusulas del contrato, pues omitió presentar documento alguno que reflejara que había notificado oportunamente del conflicto surgido con Destilería Coquí, o de haber agotado el proceso de resolución de disputas a través de los mecanismos alternos pactados.

Como adelantamos, la determinación de si un acuerdo crea el deber de las partes contratantes de arbitrar una controversia en particular es tarea judicial. De igual forma, precisa subrayar que, cuando se pacta un proceso de arbitraje en un contrato, los tribunales carecemos de discreción para determinar su eficacia y las partes vienen obligadas a dar cumplimiento al arbitraje, según lo acordado. Reiteramos que la doctrina prevaleciente exige que toda duda que pueda surgir sobre si procede o no el arbitraje debe resolverse a favor de este. Ello, debido a que existe una presunción de sujeción al arbitraje cuando el contrato entre las partes contiene una cláusula a esos efectos.

En esta ocasión, el contrato adjuntado a la demanda instada por Evian establece, en su inciso sexto, lo siguiente:

> […] las partes convienen que toda disputa, conflicto o controversia resultante del presente Acuerdo, o relacionado con el mismo, su rompimiento, interpretación, resolución o nulidad deberá ser normalmente resuelta entre las partes, en un plazo de Treinta Días (30) desde la notificación del conflicto; de lo contrario, se hará a través de los mecanismos alternos para la resolución de controversias de la Cámara de Comercio de Puerto Rico[10].

A pesar del claro texto de la cláusula, Evian optó por instar la demanda de autos, sin alegar ni acreditar que: primero, había intentado resolver la controversia emanante del contrato (i.e., su impago) con Destilería Coquí en un plazo de 30 días; y, segundo, que había agotado la vía alterna de resolución de conflictos ante la Cámara de Comercio. Ello, en abierta contravención a lo pactado entre las partes del título.

Una vez más, apuntamos que entre Evian y Destilería Coquí se suscribió un contrato de préstamo, cuya validez no está en duda y cuyo

---

[10] *Véase*, apéndice del recurso, a la pág. 4.

cumplimiento exige la apelante Evian. El contrato contiene una cláusula clara y libre de ambigüedades que dispone para que cualquier controversia que emane del contrato sea atendida entre las partes contratantes y, de no llegar a un acuerdo, someterla al proceso alterno de resolución de disputas de la Cámara de Comercio. La controversia sobre el incumplimiento con los términos del contrato y su presunto impago no está exenta de la cláusula de arbitraje. Por ello, no podemos más que concluir que la cláusula de arbitraje es ejecutable y obliga a las partes contratantes, aquí comparecientes. Así pues, coincidimos con el foro primario en cuanto a que este carecía de jurisdicción para atender la controversia en sus méritos.

Ciertamente los tribunales de justicia no podemos relevar a una parte de cumplir con lo que se obligó a hacer mediante contrato, cuando dicho contrato es legal, válido y no contiene vicio alguno. *Cervecería Corona v. Commonwealth Ins. Co.*, 115 DPR 345, 351 (1984).

IV

Por los fundamentos expuestos, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia el 31 de julio de 2024, notificada al día siguiente.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones