ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| SUNNOVA ENERGY CORPORATION,<br><br>Apelante,<br><br>v.<br><br>MARÍA DE LOURDES LÓPEZ RIVERA y MARÍA RIVERA MATOS,<br><br>Apelada. | KLAN202400954 | APELACIÓN procedente del Tribunal de Primera Instancia, Región Judicial de Arecibo, Sala Superior de Manatí.<br><br>Civil núm.: MT2021CV00262.<br><br>Sobre: cobro de dinero (Regla 60). |
|---|---|---|

Panel integrado por su presidenta, la jueza Romero García, el juez Rivera Torres y la jueza Prats Palerm.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 24 de enero de 2025.

La controversia que nos corresponde dilucidar en este recurso se limita a determinar si, conforme a la cláusula de arbitraje del contrato de adhesión suscrito entre las partes litigantes, el Tribunal de Primera Instancia ostentaba jurisdicción en el caso.

Si bien tanto en la *Sentencia* desestimatoria como en los señalamientos de error apuntados por la parte apelante se alude a otros dos asuntos; a decir: si el foro primario adquirió jurisdicción sobre la codemandada, aquí apelada, señora María de Lourdes López Rivera (señora López), y si ella es parte indispensable en la acción de cobro de dinero instada en su contra y en contra de su hija, la señora María Rivera Matos (señora Rivera), el tema de la falta de jurisdicción sobre la materia convierte en académicas tales controversias.

Así pues, con el beneficio de la comparecencia de la parte apelada, confirmamos la *Sentencia* dictada por la Sala Municipal de Manatí el 19 de julio de 2024, notificada el 22 de julio del mismo año[1]. Veamos.

---

[1] *Véase*, apéndice del recurso, a las págs. 1-7.

Número identificador

SEN2025_____

I

El 30 de abril de 2021, la parte apelante, Sunnova Energy Corporation (Sunnova), instó ante el Tribunal de Primera Instancia una demanda de cobro de dinero mediante el proceso sumario que provee la Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V[2]. Alegó que, el 27 de noviembre de 2016, suscribió con las apeladas un contrato de compra de energía producida por un sistema de paneles solares, mediante el cual las apeladas se comprometieron a realizar ciertos pagos mensuales. Adujo que la parte apelada había incumplido con los referidos pagos, por lo que la deuda se encontraba vencida, líquida y exigible, y, para ese entonces, ascendía a $2,911.26.

Tras múltiples incidencias procesales, el 14 de abril de 2023, la parte apelada solicitó la desestimación de la demanda[3]. Planteó que Sunnova había incumplido con las disposiciones y términos dispuestos en la Regla 60 de Procedimiento Civil. En particular, señaló que no se le diligenció personalmente la citación, por lo que el tribunal no había adquirido jurisdicción sobre las demandadas. Sostuvo que, aun bajo el supuesto de que fuera suficiente el diligenciamiento realizado a través de un tercero, como se hizo en este caso, para ese entonces ya había transcurrido el término aplicable.

El 18 de abril de 2023, la parte apelante se opuso a la desestimación[4]. En lo pertinente, mantuvo que la entrega de las citaciones a un tercero - en este caso, el hijo de la señora Rivera y nieto de la señora López - resultaba suficiente para dar por notificadas a ambas demandadas.

El 22 de julio de 2024, el Tribunal de Primera Instancia notificó a las partes litigantes su *Sentencia*, mediante la cual desestimó la demanda instada por Sunnova[5]. El foro primario consignó que carecía de jurisdicción

---

[2] *Véase*, apéndice del recurso, a las págs. 45-46.

[3] *Íd.*, a las págs. 63-69.

[4] *Íd.*, a las págs. 70-73.

[5] *Íd.*, a las págs. 1-5.

sobre la materia dado que el contrato de adhesión suscrito entre las partes y adjuntado a la solicitud de sentencia sumaria presentada allá para el 8 de febrero de 2024, contenía una cláusula mediante la cual las partes había acordado el arbitraje como el método primario de resolución de disputas. Resaltó que Sunnova no había expuesto razón alguna por la cual había obviado la cláusula contractual que le reconocía jurisdicción primaria al foro arbitral.

Inconforme con la determinación del foro primario, el 29 julio de 2024, la parte apelante presentó una solicitud de reconsideración[6]. En lo pertinente, adujo que, conforme al contrato, en aquellos casos en que se alegara mora en el cumplimiento, la acción judicial sí estaba disponible. En cuanto a la cláusula de arbitraje, arguyó que esta no aludía a los casos de mora o suspensión de pagos, por lo que no aplicaba al caso.

El 6 de septiembre de 2024, la parte apelada presentó su oposición a la moción de reconsideración[7].

Atendidas las sendas posturas de las partes litigantes, el 23 de septiembre de 2024, el Tribunal de Primera Instancia declaró sin lugar la moción de reconsideración[8].

Aún inconforme, el 23 de octubre de 2024, la parte apelante presentó esta apelación y formuló los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda de cobro de autos, tras determinar que no tenía jurisdicción por ser de aplicabilidad a dicha controversia, cierta cláusula de arbitraje, contenida en el contrato entre las partes.
>
> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda de cobro de autos, tras determinar que carece de jurisdicción sobre la demandada María de Lourdes López Rivera.
>
> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda de cobro de autos, tras determinar que carece de jurisdicción sobre la materia por determinar que no se añadió en la reclamación de epígrafe una parte indispensable.

---

[6] *Véase*, apéndice del recurso, a las págs.8-20.

[7] La referida moción no fue incluida en el apéndice; no obstante, nos remitimos a la entrada núm. 55 del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[8] *Véase*, apéndice del recurso, a la pág. 21.

(Énfasis omitido).

El 2 de enero de 2025, compareció la parte apelada y presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos debemos examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991). Cual apuntado, de determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, solo procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, a la pág. 855.

B

En Puerto Rico existe una vigorosa política pública a favor del arbitraje como método alterno para la solución de disputas y que toda duda sobre si procede o no el arbitraje debe resolverse a favor de este

conforme haya sido pactado. *Aponte Valentín v. Pfizer Pharmaceuticals*, LLC, 208 DPR 263, 282 (2021).

En atención a la controversia ante nos, resulta preciso recalcar que el Tribunal Supremo de Puerto Rico ha reiterado que, aun cuando en nuestro ordenamiento existe una fuerte política pública a favor del arbitraje, este mecanismo se utilizará solo si las partes lo han pactado así y en la forma como lo hayan pactado. *Íd.* Véase*,* además, *SLG Méndez Acevedo v. Nieves Rivera*, 179 DPR 359, 368 (2010). Lo anterior es cónsono con el principio de que el arbitraje es una figura jurídica inherentemente contractual. *Aponte Valentín v. Pfizer Pharmaceuticals*, LLC, 208 DPR, a la pág. 282. Es decir que, por tratarse de una figura de naturaleza contractual, solo se puede obligar a una parte a someter una disputa al procedimiento de arbitraje si esa parte lo ha pactado de esa forma.

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha indicado que **la determinación de si un acuerdo crea el deber de las partes de arbitrar una controversia en particular es tarea judicial**. *Íd.*, a la pág. 283.

En cuanto a lo anterior, el Tribunal Supremo determinó que este tipo de controversia incluye tres modalidades; a saber: (i) si existe un convenio de arbitraje; (ii) si ese convenio alcanza determinada controversia, y (iii) si el convenio alcanza una disputa sobre la duración o expiración del contrato. *Íd.* Por tanto, cuando se cuestiona directamente la validez de un acuerdo arbitral, corresponde a los tribunales dilucidar el asunto. *Íd.*

III

La parte apelante, nos solicita que revoquemos la *Sentencia* mediante la cual el Tribunal de Primera Instancia desestimó su demanda en cobro de dinero. En lo concerniente, señala que el foro primario incidió al declararse sin jurisdicción por existir una cláusula de arbitraje, por falta de parte indispensable y por no haber adquirido jurisdicción sobre la señora López. Como adelantamos, no le asiste la razón.

En esencia, Sunnova arguye que la mera existencia de la cláusula contractual de selección de foro no privaba de jurisdicción al tribunal. Sostiene que la determinación del foro *a quo* resulta incompatible con el lenguaje expreso del contrato e ignora otra cláusula que permite el acceso a los tribunales en casos de cobro de dinero. En particular, señala que la cláusula núm. 15 alude a los recursos disponibles en caso de suspensión de pagos. La referida cláusula establece que, de existir mora en el cumplimiento, Sunnova podía tomar una o más medidas, entre ellas, "ordenar, mediante la acción judicial correspondiente, que se haga cumplir la ejecución de este PPA y que nos recuperemos de los daños debidos a su incumplimiento".

Por su parte, la apelada arguye que el Tribunal de Primera Instancia carece de jurisdicción en virtud de la cláusula de selección del foro de arbitraje. En apoyo a su argumento, señaló que Sunnova ha comparecido ante otros paneles hermanos y ha solicitado que agencias, como por ejemplo el Departamento de Asuntos del Consumidor (DACo), se declararan sin jurisdicción sobre la materia dada la existencia de una cláusula de selección de foro casi idéntica a la del contrato objeto de controversia[9]. A su vez, recalcó que la apelante guardó silencio respecto a la cláusula de arbitraje y no expuso razones para obviar su cláusula contractual.

Como adelantamos, la determinación de si un acuerdo crea el deber de las partes contratantes de arbitrar una controversia en particular es tarea judicial. De igual forma, resulta preciso resaltar que, cuando se pacta un proceso de arbitraje en un contrato, los tribunales carecemos de discreción para determinar su eficacia y las partes vienen obligadas a dar cumplimiento al arbitraje, según lo acordado. Reiteramos que la doctrina prevaleciente exige que toda duda que pueda surgir sobre si procede o no el arbitraje debe resolverse a favor de este. Ello, debido a que existe una

---

[9] En específico, se refirió a la sentencia emitida por un panel hermano el 22 de febrero de 2023, en el recurso *Peña Ortiz v. Máximo Solar Group*, KLRA202100597.

presunción de sujeción al arbitraje cuando el contrato entre las partes contiene una cláusula a esos efectos.

En esta ocasión el referido contrato, suscrito por las apeladas establece en su inciso núm. 18 lo siguiente:

> POR FAVOR LEA CUIDADOSAMENTE ESTA SECCIÓN. EL ARBITRAJE REEMPLAZA EL DERECHO DE IR AL TRIBUNAL O AGENCIA ADMINISTRATIVA, INCLUYENDO EL DERECHO A UN JURADO Y EL DERECHO A PARTICIPAR EN UNA DEMANDA O PLEITO DE CLASE O DE UN PROCEDIMIENTO SIMILAR. EN EL ARBITRAJE, LA CONTROVERSIA ES RESUELTA POR UN ÁRBITRO EN VEZ DE UN JUEZ O JURADO. En esta sección, las palabras "usted" y "sus" significan cualquier persona que firma este Acuerdo como Comprador o Co-Comprador. A no ser que el contexto requiera lo contrario, las palabras "nosotros", "nos" y "nuestro" significan el Contratista arriba mencionado y cualquier cesionario de este Acuerdo. Las leyes del estado donde su Hogar está localizado gobernarán este Acuerdo sin dar lugar a conflictos de principios legales. **Si usted se encuentra en incumplimiento de este Acuerdo, Sunnova podría escoger, a su entera discreción, remedios disponibles bajo los términos de este contrato, ya sean en ley, o en equidad. Acordamos las partes que cualquier otra disputa, reclamación o desacuerdo entre nosotros (una "Disputa") serán resueltas exclusivamente por arbitraje** salvo lo dispuesto específicamente a continuación.
> .    .    .    .    .    .    .    .    .    .

(Mayúsculas en el original; énfasis nuestro).

Resulta evidente que el contrato contiene una cláusula clara y libre de ambigüedades que dispone para que cualquier controversia que emane del contrato sea atendida **exclusivamente por arbitraje.** Examinada la totalidad de las cláusulas en disputa, concluimos que la controversia sobre el incumplimiento con los términos del contrato y su presunto impago no está exenta de la referida cláusula de arbitraje. Por ello, no podemos más que concluir que la cláusula de arbitraje es ejecutable y obliga a las partes contratantes, aquí comparecientes. Ciertamente los tribunales de justicia no podemos relevar a una parte de cumplir con lo que se obligó a hacer mediante contrato, cuando dicho contrato es legal, válido y no contiene vicio alguno. *Cervecería Corona v. Commonwealth Ins. Co.*, 115 DPR 345, 351 (1984).

Según discutimos, la doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia

jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. Por tanto, examinada la controversia y las sendas posturas de las partes litigantes a la luz de la normativa aplicable, colegimos que el Tribunal de Primera Instancia carecía de jurisdicción para entender en la controversia presentada por la parte apelante; ello, en virtud de la cláusula de arbitraje previamente citada. Reiteramos que el tema de la falta de jurisdicción sobre la materia convierte en académicas las restantes controversias planteadas.

IV

Por los fundamentos expuestos, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia el 19 de julio de 2024, notificada el 22 de julio de 2024.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones