LUIS G. MALDONADO, peticionario y recurrente, *v.* JOSÉ PICHARDO, DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, demandados y recurridos.

*Número:* O-76-112      *Resuelto:* 27 de abril de 1976

*Danny López Soto,* abogado del peticionario; los recurridos no comparecieron.

El Juez Asociado Señor Irizarry Yunqué emitió la opinión del Tribunal.

El presente es un buen ejemplo de un recurso frívolo. Se origina en una decisión administrativa del Departamento de Asuntos del Consumidor que el aquí peticionario ha preten-

dido revisar judicialmente. Al así hacerlo, tanto ante el tribunal de instancia como ante nos, ha demostrado una crasa ignorancia de los preceptos de ley procesal aplicables y una inexcusable falta de diligencia.

Podríamos denegar el auto de *certiorari* solicitado por el peticionario con un simple "No ha lugar." Nos parece, sin embargo, que la profesión debe estar alertada a que la interposición de recursos frívolos ante nos habrá de ameritar severas sanciones. Los abogados, como funcionarios que son de los tribunales de justicia, no deben sobrecargar el trabajo de éstos con planteamientos y recursos frívolos que les sustraen del tiempo y la energía que deben a los asuntos realmente meritorios, ni someter a las partes contrarias a incurrir en costos y esfuerzos inútiles e indebidos.

El 2 de abril de 1974 el Departamento de Asuntos del Consumidor fijó alquiler máximo a una propiedad del peticionario. La reconsideración de su decisión fue denegada el 27 de noviembre de 1974. El abogado que para esa fecha representaba al peticionario instó recurso de revisión ante el Tribunal Superior, Sala de San Juan. Lo hizo enviando la petición por correo, sin acompañarla del pago de derechos arancelarios ni del sello forense exigidos por ley. Por este motivo la Secretaría del Tribunal le devolvió la petición. Fue presentada nuevamente, esta vez con los sellos correspondientes adheridos, pero ya transcurrido el plazo fatal de quince (15) días que señala la Ley Orgánica del Departamento de Asuntos del Consumidor, 3 L.P.R.A. secs. 341 a 341v. Tampoco notificó al Secretario de dicho Departamento, en violación de la citada Ley. ([1])

---

([1]) El Art. 17 de dicha ley, 3 L.P.R.A. sec. 341p, establece el procedimiento para revisar una decisión del Secretario del Departamento de Asuntos del Consumidor o del funcionario que éste hubiese designado. Dispone en su párrafo (a), *in fine*: "La solicitud de revisión deberá ser radicada ante el Tribunal Superior dentro de los quince (15) días a partir de la fecha de la notificación de la referida decisión." Y el párrafo (c) dice: "El recurso de revisión se formalizará presentando

El 12 de mayo de 1975 el Tribunal Superior desestimó el recurso por carecer de jurisdicción para considerarlo. Notificado de ello el peticionario, nada hizo hasta el 17 de octubre de 1975—más de cinco meses después—en que, por mediación del abogado que ahora le representa,[2] invocó la Regla 49.2 de Procedimiento Civil y bajo la alegación de "negligencia excusable" de parte de su primer abogado, solicitó que se dejara sin efecto la sentencia desestimatoria. Celebrada una vista, el tribunal dictó resolución el 18 de noviembre de 1975, notificada al peticionario el 10 de febrero de 1976, en que se reafirmó en su decisión de 12 de mayo de 1975 por carecer de jurisdicción para entender en el recurso. Es contra esta resolución que el peticionario comparece ante nos en solicitud de auto de *certiorari*.

■ Por disposición expresa de ley—32 L.P.R.A. sec. 1481 —son nulos y sin valor todos los documentos o escritos presentados ante los tribunales en que se omita fijar el sello o sellos de rentas internas dispuestos para el pago de derechos arancelarios. Ley Núm. 17 de 11 de marzo de 1915, según ha sido enmendada; 32 L.P.R.A. secs. 1476 a 1482. Desde el año 1919—*Nazario* v. *Santos*, 27 D.P.R. 89—y reiteradamente desde entonces hemos sostenido, a base de dicha disposición, que la omisión de unir a un escrito los correspondientes sellos de rentas internas lo hace nulo e ineficaz. *González* v. *Jiménez*, 70 D.P.R. 165 (1949); *Vázquez* v. *Rivera*, 69 D.P.R. 947, 951 (1949); *Piñas* v. *Corte Municipal*, 61 D.P.R. 181, 184 (1942). Un escrito que deba presentarse dentro de determinado plazo y que por ley deba acompañarse de determi-

---

una solicitud en la Secretaría del Tribunal, en la cual se expondrán los fundamentos en que se apoya la solicitud de revisión. Radicado el recurso, el peticionario deberá notificar el mismo al Secretario dentro de un término de cinco (5) días a partir de su radicación."

[2] Hasta que compareció el Ledo. Danny López Soto, actual abogado del peticionario, mediante su moción de 17 de octubre de 1975, había venido representándolo el Ledo. René Maldonado Villaronga.

nados sellos de rentas internas se tiene por no presentado y no interrumpe dicho plazo si se omite incluir los sellos.

■ El peticionario alega ante nos que el tribunal recurrido, en el uso de su discreción, debió reabrir el caso bajo la Regla 49.2 de Procedimiento Civil. Parece ignorar que un tribunal no tiene discreción para asumir jurisdicción donde por ley no la tiene.

■ Invoca la Regla 67.2 de Procedimiento Civil para afirmar que "el recurso de revisión quedó perfeccionada su radicación [*sic*] al ser depositado en el correo." Y señala que bajo la Regla 68.2 el tribunal podía prorrogar el plazo para la presentación del recurso. Uno y otro planteamiento están completamente desorbitados. La Regla 67.2 se refiere a notificaciones a las partes y no es aplicable a documentos o alegaciones de las partes enviadas a la secretaría de un tribunal para su radicación. *La Capital* v. *Tugwell, Gobernador,* 61 D.P.R. 865 (1943). La fecha de radicación de un escrito es aquella en que se presenta en la secretaría del tribunal y no cuando se pone al correo si ese fuese el caso. Regla 67.5 de Procedimiento Civil. La Regla 68.2 se refiere a la facultad de un tribunal para, por justa causa y bajo las condiciones en ella expresadas, prorrogar o reducir un término. La propia Regla señala sus limitaciones, (³) y ciertamente dicha Regla no puede invocarse para ampliar un término

---

(³) La Regla 68.2 dispone:

"Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; *pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.2, 44.4, 47, 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.5, excepto al extremo y bajo las condiciones en éstas prescritas.*"

jurisdiccional, como lo es el de quince días para recurrir al Tribunal Superior contra una decisión del Secretario del Departamento de Asuntos del Consumidor.

█ Valga señalar que, aun en el supuesto de que pudiéramos, en el ejercicio de nuestra discreción, considerar los méritos del recurso interpuesto ante el tribunal recurrido, el peticionario no nos ha puesto en condiciones de así hacerlo. No acompaña con su petición ni una sola de las alegaciones que tuvo ante sí el tribunal a quo, por lo que no conocemos en que apoya los fundamentos de su petición para revisar la decisión administrativa. Nuestro Reglamento es claro al respecto. La Regla 21 (g), relativa a la petición de *certiorari*, dispone:

"(g) Se hará formar parte de la petición un apéndice que contendrá una copia literal de: (1) las alegaciones de las partes; (2) la sentencia, resolución u orden del Tribunal Superior (incluyendo las conclusiones de hecho y de derecho en que se funda) cuya revisión se solicita; y (3) cualquier otra resolución u orden, o escrito de cualquiera de las partes, que forme parte del legajo en el Tribunal Superior y en que se discuta expresamente cualquier asunto que se plantee en la petición de *certiorari*; y (4) cualquier otro documento que forme parte del récord en el Tribunal Superior, y que pueda ser útil a este Tribunal al tomar su decisión sobre la expedición del auto."

La Regla 52.2 de Procedimiento Civil dispone:

"Si se determinare que un recurso contra una providencia judicial es claramente frívolo o ha sido interpuesto con el propósito de dilatar los procedimientos, el tribunal ante el cual se presente deberá imponer el pago de honorarios de abogado en adición a las costas."

█ En vista de lo claramente inmeritorio del recurso ante nos, se impondrá al peticionario el pago de $500 en concepto de honorarios de abogado, que deberá satisfacer a nombre del Secretario de Hacienda de Puerto Rico, ello sin perjuicio de cualquier acción que el peticionario pueda tomar para resarcirse de cualquier perjuicio que pueda haberle

sido ocasionado por negligencia de su representación profesional.

*La solicitud de certiorari, será declarada sin lugar.*

Los Jueces Asociados, Señores Martín y Negrón García no intervinieron.

