# 95 DTA 159

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

SONIA MUÑIZ ALCARAZ
Demandante-Recurrida

v.

JOSÉ MUÑOZ LOPEZ
Demandado-Peticionario

Núm. KLCE-95-00266

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El Sr. José Muñoz López solicita la revocación de la resolución dictada el 29 de junio de 1994 por el Tribunal Superior, Sala de San Juan, denegando su solicitud de rebaja de pensión alimentaria por incomparecencia a la vista señalada, y ordenando se mantenga la pensión anteriormente fijada.

Ante nos el señor Muñoz López arguye que el tribunal de instancia incurrió en error al no considerar el cambio en su condición económica manteniendo una pensión alimentaria que excedía sus ingresos.

En primer término debemos señalar que, según indica el peticionario en su recurso, en la vista celebrada el 27 de febrero de 1995 los padres de la recurrida, Sra. Sonia Muñiz Alcaraz,

comparecieron en representación suya:

*"trayendo una dirección postal nueva, ya que la [recurrida] alegadamente no recibe más correspondencia en la dirección ofrecida al Tribunal por la Lic. María Jiménez Vargas,* ▮ *dando la impresión que la [recurrida], ya no reside en el mismo lugar desde hace varios meses."* (Recurso, pág. 6).

A pesar de lo anterior, el señor Muñoz López no certifica en el cuerpo del recurso haberlo notificado a la señora Muñiz Alcaraz, incumpliendo con ello lo dispuesto en la Regla 18(C) del Reglamento del Tribunal de Circuito de Apelaciones (el Reglamento). Aún cuando informa tener conocimiento de la existencia de una nueva dirección de la recurrida, incluye en la carátula de su recurso únicamente su dirección anterior, sin suplir la nueva provista al tribunal de instancia por los padres de ésta. Además, es la dirección anterior a la que el señor Muñoz López ha notificado a la señora Muñiz Alcaraz todos los escritos posteriores▮

De todo lo anterior puede colegirse que la señora Muñiz Alcaraz no ha sido debidamente notificada de la presentación de este recurso. Siendo la notificación a las partes un requisito indispensable para el perfeccionamiento del recurso, procede su desestimación. Regla 31 (B) (2) y (C) del Reglamento.

No empece lo anterior, tampoco procedería la expedición del recurso, pues el trámite seguido por el peticionario no está conforme a las reglas procesales aplicables ni pone a este tribunal en condiciones de ejercer su función revisora. Veamos.

Según surge de la documentación sometida, en 1990 el Tribunal Superior, Sala de San Juan, al decretar el divorcio entre el señor Muñoz López y la señora Muñiz Alcaraz, fijó una pensión alimentaria para sus tres hijos montante a $761.34 mensuales. El monto de la pensión ha estado sujeto a varios incidentes, debido a solicitudes de rebaja o aumento de dicha pensión.

Luego de varios trámites procesales,▮ el 29 de junio de 1994 el tribunal denegó la moción de rebaja de pensión alimentaria del peticionario y mantuvo la pensión fijada de $761.34. (Exhibit M del Recurso). Dicha determinación estuvo motivada por la incomparecencia del señor Muñoz López a la vista celebrada, en que estuvo representado por abogado. No es hasta el 23 de noviembre de 1994 que el peticionario solicitó reconsideración o relevo de la resolución antes aludida con el propósito de que se reinstalara una pensión provisional de $93.00, ello basándose en que su ingreso era casi igual a la pensión alimentaria impuesta.

El 27 de diciembre de 1994 el tribunal denegó su solicitud. De dicha resolución el señor Muñoz López recurre ante este Tribunal arguyendo que el Tribunal Superior erró al no considerar que el único ingreso que recibía era la pensión del Seguro Social ascendente a $558.00.

Examinado el expediente surge que la solicitud de reconsideración del señor Muñoz López ante el tribunal de instancia es en extremo tardía, toda vez que fue presentada transcurridos ciento diez y siete (117) días desde su notificación. (Véase la Regla 47 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III). Por ende, a base de ello no tendríamos jurisdicción para atender este recurso.

Dicha moción no procedería como un relevo de resolución bajo la Regla 49.2 de las de Procedimiento Civil. El peticionario fundó su solicitud en que al momento de celebrarse la vista no estaba consciente de lo que sucedía a su alrededor debido a su condición mental, que estuvo fuera de Puerto Rico y que *"recibe como beneficios actualmente la suma neta de $543.00, siendo éste el único ingreso de un total de $741.00 dólares."* Alegó que de esa suma

le hacían varios descuentos. (Exhibit T del Recurso). Téngase presente que el señor Muñoz López estuvo debidamente representado por su abogado en la vista de rebaja, por lo que esa información pudo haber sido provista en ese momento. La mera alegación de su condición mental y ausencia del país, no justificaba el relevo solicitado.

En cuanto a la alegada condición económica, el señor Muñoz López no acompaña con el recurso la moción de rebaja de pensión ni los documentos sometidos al tribunal de instancia con su solicitud de relevo. Por lo tanto, no nos ha puesto en condiciones de determinar en qué momento sobrevino la condición económica en que apoya su petición de relevo. Es decir, si era una condición previa a la vista y al dictamen recurrido o si fue un cambio que surgió con posterioridad y que debió ser considerado por el tribunal de instancia. Los únicos documentos que el peticionario acompaña con su recurso, de los cuales surge que actualmente recibe beneficios del Seguro Social ascendentes a $558.50, tienen fecha de 9 de diciembre 1994, es decir, son posteriores a su solicitud de relevo ▪ (Exhibit N del Recurso). Por ende, el señor Muñoz López no ha acreditado cumplidamente las razones que justifican se le releve de los efectos de la resolución recurrida.

En conclusión, además de los incumplimientos procesales reseñados que nos privan de jurisdicción, su recurso es inmeritorio, por cuanto ha acudido a este Tribunal en un asunto que debe ser dilucidado ante el Tribunal Superior, mediante solicitud de rebaja de pensión alimentaria debidamente fundamentada. Recursos como éste recargan indebidamente la tarea de este Tribunal en menoscabo del tiempo y energía que se debe a otros asuntos, lo que está sujeto a la imposición de sanciones. *Maldonado v. Pichardo,* 104 D.P.R. 778, 780 (1976).

Por todos los fundamentos antes expuestos, se desestima el recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 159

**1.** Surge del expediente que previo al 12 de junio de 1994 el tribunal de instancia aceptó la renuncia de la Lcda. María Jiménez Vargas como representante de la señora Muñiz Alcaraz. (Exhibit V del Recurso).

**2.** Téngase presente que la señora Muñiz Alcaraz no ha comparecido a cumplir nuestra orden del 25 de abril de 1995 que le fuera notificada a la dirección suministrada por el peticionario en la carátula del recurso.

**3.** Estos incluyeron, una pensión provisional de $93.00 hasta la celebración de una nueva vista, solicitud de aumento de pensión, vista de 23 de agosto de 1993 a la que el peticionario anunció comparecería a través de su representante legal y orden de 16 de septiembre de 1993 ordenándose a la Administración del Seguro Social retener $761.00 de los beneficios del peticionario. (Véase la relación de hechos del peticionario, Recurso, págs. 3-4 y los Exhibits F, J y L del Recurso).

**4.** Cabe señalar, que los demás documentos anejados al recurso provenientes del Seguro Social, son de enero de 1995.