ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| GIOVANY MALDONADO ORTIZ, Recurrente, v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, Recurrida. | KLRA202400442 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación. Remedio administrativo núm.: B-687-24. Sobre: solicitud de remedio administrativo. |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2024.

La parte recurrente, Giovany Maldonado Ortiz (señor Maldonado), incoó el presente recurso de revisión, por derecho propio, el 9 de agosto de 2024[1]. El recurrente adjuntó a su escrito varios documentos.

Examinado el escrito del recurrente, así como los documentos anejados al mismo, prescindimos de la comparecencia del Departamento de Corrección y Rehabilitación (Departamento)[2].

Por los fundamentos expuestos a continuación, **desestimamos** el recurso por haberse presentado de manera tardía.

I

A raíz de un "registro masivo" realizado por el Departamento en la Institución Correccional Bayamón 501, en la cual el señor Maldonado está confinado, se le incautó una consola de videojuegos *Playstation* 3. Ello ocurrió el 18 de abril de 2024.

---

[1] El sobre en que se presentó el recurso lleva fecha del 7 de agosto de 2024.

[2] Ello, conforme a la Regla 7(b)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *Véase*, 4 LPRA Ap. XXII-B, R. 7(b)(5).

Número identificador

SEN2024_____

Según plantea el señor Maldonado, al regresar a su celda luego del registro, se percató de que el cable HDM[3] estaba roto. Adujo que tampoco se le entregó un recibo de la propiedad incautada y tampoco el Departamento respondió por el cable partido.

A raíz de ello, el 3 de mayo de 2024[4], el señor Maldonado presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento (División).

El **22 de mayo de 2024**, la División notificó su respuesta que, según admite el señor Maldonado en su escrito, le fue entregada en esa misma fecha. La respuesta indicó que, según la información recibida por el personal que se encontraba en el operativo, la consola de juegos reclamada no se encontraba funcional; es decir, estaba desmantelada. Añadió que ese equipo sí se había consignado en el inventario del material ocupado.

La respuesta de la División claramente apercibía al señor Maldonado de su derecho a solicitar la reconsideración o, en su lugar, de acudir directamente ante este foro intermedio, así como de los términos para ello.

En cuanto a la solicitud de reconsideración, le apercibió que la misma tenía que ser presentada en el **término de 20 días, computado a partir del recibo de la respuesta**.

Como indicamos, la respuesta le fue notificada el **22 de mayo de 2024**. No obstante, el señor Maldonado presentó su solicitud de reconsideración el **17 de junio de 2024**; es decir, **el término vencía el 11 de junio de 2024**; sin embargo, el señor Maldonado la presentó 6 días más tarde.

---

[3] Suponemos que se refiere al cable HDMI o *high-definition multimedia interface*, el cual le permite la conexión a la consola de juegos *Playstation*.

[4] Copia de la solicitud fue adjuntada al recurso. De ella surge que fue recibida por la División el **8 de mayo de 2024**.

Posterior a ello, según alegado en su escrito de revisión, el señor Maldonado no recibió notificación alguna adicional de la División. Ante ello, presentó este recurso.

II

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Al igual que un recurso presentado prematuramente, un **recurso tardío** adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) **los tribunales deben auscultar su propia jurisdicción**; (5) **los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso**; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). De otra parte, la

Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(c), nos permite desestimar un recurso, a iniciativa propia, por los motivos consignados en el inciso (b) de la Regla 83.

III

Un examen del trámite del recurso que nos ocupa revela que la parte recurrente, señor Maldonado, no presentó oportunamente su solicitud de reconsideración ante la agencia. Por tanto, el término de 30 días con el que contaba para acudir ante este foro transcurrió fatalmente, pues no medió una reconsideración que interrumpiese dicho término.

Ello conlleva que este Tribunal esté impedido de atender el recurso instado, por carecer de jurisdicción para ello. Es decir, no ostentamos poder alguno para revisar una determinación del Departamento, cuya impugnación fue presentada tardíamente.

IV

A la luz de lo antes expuesto, **desestimamos** el recurso ante nuestra consideración por este Tribunal carecer de jurisdicción para entender en el mismo dada su presentación tardía.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones