ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| VÉLEZ LAW GROUP, LLC, <br><br> Recurrida, <br><br> v. <br><br> FRANKY GONZÁLEZ RODRÍGUEZ, <br><br> Peticionaria. | KLCE202401267 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. <br><br> Civil núm.: SJ2024CV01267. <br><br> Sobre: cobro de dinero (ordinario). |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Examinado el recurso de *certiorari* presentado por derecho propio[1] por la parte peticionaria, señor Franky González Rodríguez (señor González), el 21 de noviembre de 2024, este Tribunal ordena su desestimación por carecer de jurisdicción para atenderlo[2].

I

En su escueto escrito de *certiorari*, el señor González nos solicita que revisemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 12 de noviembre de 2024. Mediante el referido dictamen, el foro *a quo* ordenó **nuevamente** al señor González que contestara la demanda sobre cobro de dinero e incumplimiento de contrato instada en su contra. En específico, que presentara una contestación que cumpliese con las Reglas 6.1, 6.2 y 6.3 de las de Procedimiento Civil, 32 LPRA Ap. V; ello, en o antes del 14 de noviembre de 2024[3].

---

[1] El 21 de noviembre de 2024, el señor González también presentó un *Application and declaration for waiver of fees due to indigency*, la cual declaramos **con lugar**.

[2] Eximimos a la parte recurrida de comparecer, conforme nos autoriza la Regla 7(b)(5) del Reglamento de este Tribunal de Apelaciones, la cual nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". 4 LPRA Ap. XXII-B.

[3] *Véase*, SUMAC, entrada núm. 34.

Al revisar el tracto del proceso a través del *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), surge que medió una *Orden* previa el 4 de noviembre de 2024, mediante la cual el foro primario ordenó al señor González que contestara la demanda dentro del término establecido para ello, so pena de que se le anotara la rebeldía o se considerase que no cumplía con los requisitos para auto representarse[4].

En su recurso, el señor González nos solicita que pasemos juicio sobre la determinación del tribunal de exigirle cumplir con las normas relativas a la contestación a la demanda. Tal petición no está contemplada en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V.

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Por su parte, la Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (b) de la Regla 83. En específico, la Regla 83(b)(1) provee para la desestimación de un recurso por falta de jurisdicción.

B

La jurisdicción y competencia de este Tribunal para atender un recurso de *certiorari* de naturaleza civil está establecida en las

---

[4] *Véase*, SUMAC, entrada núm. 27. Dicha orden no es objeto de este recurso.

disposiciones de la Ley Núm. 103-2003, según enmendada, *Ley de la Judicatura de 2003*, 4 LPRA sec. 24(t), *et seq.*; y las Reglas 52.1 y 52.2 de las de Procedimiento Civil, 32 LPRA Ap. V, y la Regla 32(d) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

De otra parte, el Art. 4.006(b) de la *Ley de la Judicatura de 2003*, 4 LPRA sec. 24y(b), establece que este Tribunal conocerá de cualquier resolución u orden dictada por el Tribunal de Primera Instancia mediante *certiorari*. No obstante, la Regla 52.1 de las de Procedimiento Civil delimita nuestra facultad revisora al disponer, en su parte pertinente, como sigue:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable a la justicia. […].

32 LPRA Ap. V, R. 52.1.

III

Examinado el recurso discrecional presentado por el señor González, no cabe duda de que el mismo no configura una de las excepciones contempladas en la Regla 52.1 de las de Procedimiento Civil. Por tanto, este Tribunal no puede asumir jurisdicción cuando es evidente que carece de ella.

En su consecuencia, **desestimamos el recurso de *certiorari* instado, por carecer de jurisdicción para atenderlo**.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones