Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Yamille Centeno Román<br><br>Apelada<br><br>vs.<br><br>Myrna Serrano Correa<br><br>Apelante | KLAN202500394 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: TB2023CV00260<br><br>Sobre: Acción Resolutoria, Incumplimiento de Contrato, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de mayo de 2025.

Comparece ante nos, la señora Myrna Serrano Correa (Sra. Serrano Correa o apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia Parcial" dictada el 1 de abril de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró Ha Lugar la "Moción de Sentencia Sumaria" radicada por la señora Yamille Centeno Román (Sra. Centeno Román o apelada), y ordenó la continuación de los procedimientos con el objetivo de determinar si proceden las indemnizaciones solicitadas.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 22 de junio de 2023, la Sra. Centeno Román presentó una "Demanda" por incumplimiento de contrato contra la Sra. Serrano

---

[1] Notificada el 2 de abril de 2025.

Número Identificador

SEN2025 _____

Correa. En resumidas cuentas, alegó que, el 21 de junio de 2017, ambas partes suscribieron una escritura de compraventa por medio de la cual la apelada vendió a la apelante una propiedad localizada en la Urb. Santa María, del Barrio Candelaria en Toa Baja. Adujo que, la Sra. Serrano Corréa asumió la responsabilidad de pagar la hipoteca que grava el inmueble y, además, se obligó a gestionar el cambio de deudor hipotecario con Popular Mortgage, Inc. — acreedor hipotecario de la propiedad — dentro de un plazo de 18 meses. Sin embargo, afirmó que la apelante incumplió con las obligaciones pactadas. Ante este cuadro, solicitó la resolución del contrato de compraventa, la cancelación de la inscripción registral a nombre de la Sra. Serrano Correa, y una suma por concepto de daños ascendente a $100,000.00.

Por su parte, el 16 de enero de 2024, la Sra. Serrano Correa presentó su "Contestación a Demanda y Reconvención", negando la mayoría de las alegaciones contenidas en la reclamación. A su vez, reconvino contra la apelada solicitando el reembolso de la suma de $1,480.00, correspondiente a dos pagos mensuales que alegadamente entregó a la Sra. Centeno Román para cubrir la hipoteca, y que esta última habría retenido. Además, reclamó la cuantía de $25,000.00 por concepto de mejoras efectuadas en la propiedad, así como una compensación por el aumento en el valor del inmueble en el mercado.

Luego de varias incidencias procesales, el 22 de noviembre de 2024, la apelada presentó una "Moción de Sentencia Sumaria". En síntesis, solicitó que, ante el incumplimiento contractual por parte de la apelante, se decretara la resolución del contrato y la reversión del dominio de la propiedad a su favor. Para sustentar su postura, argumentó que ambas partes acordaron un plazo de 18 meses para que la Sra. Serrano Correa pudiese llevar a cabo aquellas gestiones para ser aceptada como deudora por parte del

acreedor hipotecario.  Asimismo, sostuvo que, del lenguaje expreso del contrato, surge que ambas partes estipularon que, en caso de que el comprador pudiese asumir o refinanciar la hipoteca, la apelada podía instar una acción judicial para resolver el contrato y recuperar la titularidad de la propiedad.  Debido a que la Sra. Centeno Román aún no había sido relevada de la referida hipoteca, y en exceso del término pactado, expuso que existía justa causa para la resolución del contrato.

La Sra. Serrano Correa presentó su "Oposición a Moción de Sentencia Sumaria" el 7 de enero de 2025.  Esencialmente, indicó que la apelada pretende solicitar la resolución del negocio jurídico sin tener que compensar a la apelante por los valores que reclama en su reconvención.  Manifestó haber realizado gestiones con el acreedor hipotecario dentro del término estipulado de 18 meses, y que ha informado sobre dichas gestiones a la apelada.  Admitió la intención de las partes al pactar la cláusula resolutoria, aclarando que la aludida cláusula solo sería válida en la eventualidad de que la apelante fallara en dos pagos o más de la hipoteca, cosa que no ha ocurrido en este caso.  Finalmente, aseveró que existen asuntos en controversia que impiden la resolución sumaria del pleito como, por ejemplo, si la apelante tiene derecho a recobrar el valor de las mejoras que hizo en el inmueble.

Evaluados los escritos presentados por ambas partes, el 1 de abril de 2025,[2] el foro *a quo* emitió "Sentencia Parcial" declarando Ha Lugar la "Moción de Sentencia Sumaria" presentada por la Sra. Centeno Román.  Razonó que los términos del contrato son claros y que, conforme el sentido literal de sus cláusulas, la intención de las partes era que la Sra. Serrano Correa realizara el cambio ante el acreedor hipotecario y liberara a la apelada, como deudora, de su responsabilidad para con el banco.  Dictaminó que la apelante

---

[2] Notificada el 2 de abril de 2025.

incumplió con esta obligación y, consecuentemente, ordenó la resolución de la escritura de compraventa. Sin embargo, en vista de que el poseedor de buena fe posee derecho para recobrar las mejoras útiles o necesarias, ordenó la continuación de los procesos con el fin de determinar la suma a ser reembolsada, si alguna.

Insatisfecha con el dictamen, la Sra. Serrano Correa recurre ante este foro apelativo mediante recurso de apelación presentado el **6 de mayo de 2025**, señalando la comisión de los siguientes errores:

> *Primero: Erró el Tribunal de Primera Instancia al emitir Sentencia Parcial en el pleito de epígrafe habiendo clara controversia sobre hechos materiales y medulares que impedían dictar Sentencia Sumariamente.*
>
> *Segundo: Erró el Tribunal de Primera Instancia al emitir Sentencia Parcial en el presente caso pasando juicio de forma sumaria sobre la intención de las partes al otorgar la Escritura de Compraventa Asumiendo Hipoteca, así como de la interpretación de dicha escritura, así como de la interpretación de dicha escritura en su cláusula duodécima.*

**II.**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al poder o autoridad que posee un tribunal para considerar y decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024), citando a *Cobra Acquisitions v. Mun. De Yabucoa et al.*, 210 DPR 384, 394 (2022). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power, Inc. v. Junta de*

*Subastas ASG, supra.*    Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

Es norma reiterada que, para adjudicar un caso, los foros judiciales de Puerto Rico deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1.ra ed., Colombia, 2010, pág. 25. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al,* 204 DPR 89, 101-102 (2020).

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 83, nos otorga la facultad para desestimar, *muto proprio*, cualquier recurso cuando, entre otras circunstancias, este Tribunal de Apelaciones carece de jurisdicción para atender el mismo.

La presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022). Lo determinante para concluir si un

recurso es prematuro o tardío es su fecha de presentación. *Íd.* Un recurso es prematuro cuando se ha presentado con relación a una determinación que se encuentra pendiente y no ha sido resuelta. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves*, *supra*, a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto en ley para recurrir. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

Ahora bien, las consecuencias de uno y otro son distintas. La desestimación de un recurso tardío es final, y priva fatalmente a la parte de presentarlo nuevamente. *Pueblo v. Rivera Ortiz, supra*, a la pág. 415. En cambio, un recurso desestimado por prematuro permite a la parte afectada presentarlo nuevamente en el momento oportuno. *Íd.* Esto es, luego de que cuando el foro recurrido resuelva lo que tenía ante su consideración. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra*.

### III.

Según revela el tracto procesal discutido, el **2 de abril de 2025**, el foro apelado emitió una "Sentencia Parcial" declarando Ha Lugar la "Moción de Sentencia Sumaria" presentada por la Sra. Centeno Román. Como se sabe, desde esta fecha inició el término para apelar la determinación del foro primario. Véase, Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2. En este caso la apelante no presentó moción de reconsideración de la sentencia, por lo que el antedicho término no quedó interrumpido. Regla 47

de Procedimiento Civil, 32 LPRA Ap. V, R. 47. Por consiguiente, la apelante tenía hasta el 2 de mayo de 2025 para radicar su recurso ante la Secretaría de este Tribunal de Apelaciones. Esto, pues, la parte adversamente afectada por la sentencia posee un término de 30 días para apelarla, a contarse desde la fecha en que se notificó la sentencia la cual, como ya mencionamos, se notificó el día 2 de abril de 2025. Regla 52.2 de Procedimiento Civil, *supra.*

Tras un análisis del expediente ante nuestra consideración, nos percatamos de que la Sra. Serrano Correa presentó su recurso el día **2 de mayo de 2025**, es decir, el último día del término para recurrir ante nos. **Sin embargo**, **dicho escrito adolecía de la siguiente deficiencia**: **falta del sello de $102.00 que requiere la ley**. Por este motivo, la Secretaría de este Tribunal se comunicó mediante llamada telefónica y correo electrónico con el propósito de que esta deficiencia fuese corregida.[3] Del expediente surge que la deficiencia se corrigió el día **6 de mayo de 2025**.[4]

En virtud de la Ley Núm. 47-2009, 34 LPRA sec. 750, según enmendada, nuestra Asamblea Legislativa adoptó una estructura de pago de derechos arancelarios donde cada parte pagará los derechos que correspondan en su primera comparecencia. A esos efectos, se facultó al Tribunal Supremo de Puerto Rico para que, mediante Resolución al efecto, estableciera los derechos que deban pagarse. El 9 de marzo de 2015, nuestro Alto Foro emitió una "Resolución" para disponer los derechos correspondientes a la tramitación de acciones civiles. Véase, 192 DPR 397 (2015). En lo concerniente, se estableció que, por cada escrito de apelación civil o de *certiorari* presentado ante el Tribunal de Apelaciones la parte deberá sufragar un arancel de $102.00. *Íd.*

---

[3] Véase, "Certificación de Deficiencia en Arancel de Presentación" del 6 de mayo de 2025.
[4] *Íd.*

Es norma jurisprudencial reiterada que la parte que presenta un escrito de apelación o una petición de *Certiorari* ante el Tribunal de Apelaciones tiene la obligación de satisfacer los derechos arancelarios correspondientes. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 316 (2017). "**[L]a omisión de unir a un escrito judicial los correspondientes sellos de rentas internas lo convierte en nulo e ineficaz por lo que se tiene como no presentado**". *UGT v. Centro Médico del Turabo*, 208 DPR 944, 959 (2022). (Énfasis nuestro). Así pues, "**[u]n escrito que deba presentarse dentro de determinado plazo y que por ley deba acompañarse de determinados sellos de rentas internas se tiene por no presentado y no interrumpe dicho plazo si se omite incluir los sellos** [**arancelarios**]". *Íd.*, citando a *Maldonado v. Pichardo*, 104 DPR 778, 781–782 (1976). (Énfasis suplido). Por ende, como requisito umbral para invocar la jurisdicción de un foro revisor, la parte que impugna una determinación emitida por un foro de menor jerarquía debe cumplir con el pago de los aranceles aplicables y adherir los sellos requeridos a su recurso, **todo ello dentro del término dispuesto por ley**. *UGT v. Centro Médico del Turabo*, supra, a la pág. 959.

En el presente caso, la apelante radicó su recurso el último día de término sin incluir el pago de los aranceles correspondientes y sin adherir los sellos requeridos a su recurso. No fue hasta el 6 de mayo de 2025, o sea, 4 días después de venido el término para apelar, que se subsanó la deficiencia. Nada impide que se subsane una deficiencia arancelaria siempre y cuando se haga dentro del término jurisdiccional contemplado para el perfeccionamiento del recurso que se trate. *Íd.*, nota al calce número 6. **Eso no fue lo que ocurrió en este caso**.

Como el recurso presentado el 2 de mayo de 2025 no incluyó el pago de los derechos arancelarios, **dicho escrito se tuvo por no**

**presentado y no interrumpió el plazo para apelar**. Por esto, la Secretaría de este Tribunal tachó el ponche de presentación y lo sustituyó por uno nuevo, con fecha del 6 de mayo de 2025, fecha en que se subsanó el defecto. No obstante, a esa fecha, el recurso resultaba tardío y este Foro carecía de jurisdicción para atenderlo. Por este motivo, procede la desestimación del caso sin entrar en sus méritos.

**IV.**

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, desestimamos el recurso presentado por la señora Myrna Serrano Correa, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones