| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL XII | | |
| JORGE PÉREZ COLÓN<br><br>Parte Recurrente<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | KLRA202500355 | Revisión Judicial Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B-47-25<br><br>Sobre: Servicio Médico y medicamentos |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de julio de 2025.

Comparece el señor, Jorge Pérez Colón (en adelante Sr. Pérez o recurrente), quien actualmente se encuentran bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), mediante un recurso de revisión judicial. El recurrente solicita la revisión de la *Resolución* emitida por la División de Remedios Administrativos del DCR, a los fines de que se le otorgue una cita médica y se le provean los medicamentos correspondientes.

I.

El 8 de enero de 2025 el Sr. Pérez Colón presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos. En esencia, solicitó la concesión de cita médica urgente, ya que requiere de un estudio de MRI por dolores en la espalda. El 7 de febrero de 2025, notificada el 19 del mismo mes y año, la División de Remedios Administrativos emitió respuesta. Indicó que al "Sr. Pérez Colón se le realiz[ó] un referido a Medicina

NÚMERO IDENTIFICADOR

SEN2025_____

Interna para que lo evalúe y determine el tratamiento a seguir y cualquier otra necesidad relacionad[a] a su salud".

Insatisfecho, el 13 de marzo de 2025 el Sr. Pérez Colón instó *Solicitud de Reconsideración.* Arguyó que no está de acuerdo con la respuesta emitida, toda vez que su solicitud se refiere a un médico fisiatra y no a un médico de medicina interna. El 27 de marzo de 2025 la Agencia acogió la petición de reconsideración. Posteriormente, el 29 de abril de 2025, la División de Remedios Administrativos emitió una *Resolución* en la que, entre otros asuntos, razonó lo siguiente:

> Se orienta el recurrente que el proceso de corroboración de diagnóstico tiene que pasar primero al Médico Internista para que evalúe el diagnóstico dado por el Fisiatra. De entender que necesita otra evaluación realizará los referidos necesarios. Además se nos dio conocimiento que se le realizó la prueba de las agujas, le brindaron terapia física y tiene activo medicación para su diagnóstico. Recuerde que siempre está a su disposición el sick call y la sala de emergencia.

Aún inconforme con dicha determinación, el 9 de junio de 2025 la parte recurrente acudió ante nos, por derecho propio, mediante *Revisión Judicial.* Plantea:

> **El Dr. Marcos [Devarie] ha referido al recurrente una ves más el día 4 de febrero de 2025, a Medicina Interna, pero esta es la tercera vez que el Dr. Marcos [Devarie] ha referido al recurrente para Medicina Interna esto desde el 30 de diciembre de 2024 y las tres veces infructuosamente las citas nunca llegan al recurrente, y he pedido que me hagan estudios de sangre antes de ver el Médico de Medicina Interna pero también infructuosamente no me hacen un estudio de sangre desde el 2023.**

El 23 de junio de 2025, este Tribunal emitió una Resolución concediéndole diez (10) días a la parte recurrente para que notificara copia del volante de la notificación de la Resolución emitida el 29 de abril de 2025, para poder auscultar nuestra jurisdicción. Asimismo, se le concedió al recurrente el mismo término para que presentara la certificación de balance de su cuenta en la Institución Correccional para evaluar su solicitud para que se exima del pago del arancel por razón de indigencia.

Transcurrido el término concedido al recurrente sin que este haya cumplido con lo solicitado mediante Resolución del 23 de junio de 2025, procedemos a desestimar el recurso por falta de jurisdicción.

II.

A.

El Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015, se emite conforme a las normas establecidas en la Ley de Procedimiento Administrativo Uniforme, el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011 --que establece las facultades del Departamento de Corrección y Rehabilitación--, y los acuerdos de transacción del caso *Morales Feliciano v. Fortuño Burset* USDC-PR civil núm. 79-4 (PJB-LM), y la "Prison Rape Elimination ACT" (Ley PERA 2003, 42 U.S.C. § 15601 *et seq.* En ese marco, se estableció la División de Remedios Administrativos con el propósito de atender las quejas o agravios que pudieran tener los confinados en contra del DCR o sus funcionarios, respecto a cualquier asunto. Esta División constituye un organismo administrativo, cuyo fin es permitir que los confinados presenten una "solicitud de remedio" en su lugar de origen, salvo que exista justa causa que impida su radicación en dicho lugar.

En lo pertinente, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.* establece el marco normativo que rige la revisión judicial de las decisiones emitidas por las agencias administrativas. *Otero Rivera v. Bella Retail Group, Inc.*, 2024 TSPR 70, 214 DPR 473 (2024). Dicho marco se sustenta en el principio de razonabilidad, lo que implica evaluar que no se haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que constituya un abuso de discreción. *Torres Rivera v. Policía de PR*, 186 DPR 606, 626 (2016). A tenor, existen tres aspectos que

delimitan el alcance de la revisión judicial de las decisiones administrativas: "(1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho del ente administrativo fueron correctas". *Rolón Martínez v. Caldero López*, 201 DPR 26, 36 (2018) (citando a *Pagán Santiago v. ASR*, 185 DPR 341, 358 (2012)).

En virtud de lo anterior, "[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones [...]". Sec. 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672. De ordinario esta revisión judicial procede una vez se adjudican todas las controversias pendientes ante la agencia y concluyen los trámites administrativos. El término para radicar la revisión judicial es el siguiente:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA sec. 9672.

En materia del alcance de la revisión judicial, "el Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio". *Id.* Sec. 4.5. Respecto a las determinaciones de hechos de las decisiones de las agencias, estas serán sostenidas por el tribunal siempre que se fundamenten en evidencia sustancial que obra en el expediente administrativo. *Id.* En contraste, las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Id.* Recientemente, nuestro más alto

foro reiteró que "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática [...]". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR __ (2025) (Énfasis en el original omitido).

## B.

La jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. *Con. Tit. 76 Kings Court v. MAPFRE,* 208 DPR 1018 (2022); *Metro Senior v. AFV*, 209 DPR 203, 209 (2022); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. Les corresponde a los foros adjudicativos examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 875 (2007).

En lo que nos concierne, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y la Sección 4.3 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 2172, establecen que los recursos de revisión de decisiones administrativas deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la orden o resolución final del organismo o agencia.

## C.

Como se sabe, todo litigante tiene que cumplir con su obligación de acompañar el pago de aranceles para iniciar el trámite de su causa, de lo contrario el recurso promovido resultaría inoficioso. Ley Núm. 47-2009; In re: Aprobación de los Derechos Arancelarios, 192 DPR 397 (2015); *M-Care Compounding et.al v. Dpto. de Salud,* 186 DPR 159, 177 (2012); *Gran Vista I, Inc. v. Gutiérrez,* 170 DPR 174, 191 (2007); *Maldonado v. Pichardo,* 104 DPR 778, 781 (1976). No obstante, para garantizar el acceso judicial a aquellas

personas insolventes, nuestro ordenamiento jurídico le permite a una parte litigar *in forma pauperis*, lo que lo libraría del pago de aranceles. Sec. 6, Ley de Aranceles de Puerto Rico, Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1482; Regla 78 del Reglamento del Tribunal de Apelaciones. En estos casos, le corresponde al solicitante acreditar, so pena de perjurio, que carece de los medios económicos para litigar. *Gran Vista I, Inc. v. Gutiérrez,* 170 DPR 174, 191 (2007). Una vez presentada y debidamente acreditada la solicitud para litigar *in forma pauperis* y avalada por el tribunal, entonces la parte queda liberada del pago de arancel.

III.

Al examinar el expediente ante nuestra consideración nos percatamos de que el señor Pérez Colón no nos acreditó la fecha de notificación de la *Resolución* emitida por la División de Remedios Administrativos del DCR el 29 de abril de 2025. Por ello, el 23 de junio de 2025 le concedimos un término de diez (10) días para presentar la referida notificación. Tómese en cuenta que, el señor Pérez Colón, aun inconforme con dicha determinación de la Agencia, acudió ante nos mediante *Revisión Judicial* el 9 de junio de 2025. Es decir, cuarenta y un (41) días luego de emitido el dictamen de la Agencia.

Por otro lado, la parte recurrente no pagó el arancel con la radicación del recurso ni cumplió con la Resolución emitida de presentar la certificación de balance de su cuenta en la Institución Correccional para poder considerar la solicitud para que se exima del pago por razón de indigencia. Es un requisito indispensable para el perfeccionamiento de un recurso, el pago de los aranceles de presentación. Encontrándonos imposibilitados de auscultar nuestra jurisdicción, y ante la falta del pago de los correspondientes aranceles, procede desestimar el recurso por falta de jurisdicción.

IV.

Por los fundamentos que anteceden, se *desestima* el Recurso de revisión Administrativa de epígrafe por falta de jurisdicción.

La jueza Grana Martínez concurre sin voto escrito.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones