ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X (DJ2024-062C)

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ,<br><br>Recurrente,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN,<br><br>Recurrida. | TA2025RA00037 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación.<br><br>Núm. querella.: Q-164-25.<br><br>Sobre: solicitud de traslado. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

Por los fundamentos expuestos a continuación, **desestimamos** el recurso de revisión judicial instado por el señor Santana Báez por ser prematuro[1].

I

El señor Eliezer Santana Báez (señor Santana Báez) presentó su recurso por derecho propio el 18 de junio de 2025. Solicitó que revisáramos y revocáramos la *Resolución* emitida por el Departamento de Corrección y Rehabilitación (DCR) el 1 de mayo de 2025, notificada el 20 de mayo de 2025[2]. Mediante el referido dictamen el DCR denegó el traslado de celda solicitado por el señor Santana Báez el 14 de abril de 2025[3].

El 7 de julio de 2025, concedimos al DCR, por conducto de la Oficina del Procurador General, un término para exponer su posición. Tras algunas incidencias procesales, el 18 de agosto de 2025, el DCR presentó una

---

[1] El 20 de agosto de 2025, el señor Santana Báez presentó una moción mediante la cual solicitó copia de los apéndices presentados, relacionados con este recurso. Si bien determinamos desestimar su recurso por falta de jurisdicción, concluimos que no existe impedimento alguno para conceder dicha solicitud, **por lo que ordenamos a Secretaría que envíe copia impresa de los apéndices a la dirección provista para el señor Santana Báez**.

[2] *Véase*, entrada núm. 5, SUMAC TA, Anejo 1.

[3] *Íd.*

solicitud de desestimación[4]. En síntesis, planteó que carecemos de jurisdicción para atender la controversia planteada, en vista de que se trata de un recurso prematuro. Lo anterior, toda vez que el DCR acogió una solicitud de reconsideración presentada por el señor Santana Báez el 27 de mayo de 2025, y, en consecuencia, la agencia tenía hasta el 25 de agosto de 2025 para atender la referida moción.

En su apoyo, el DCR adjuntó a su moción un documento intitulado *Respuesta de reconsideración al miembro de la población correccional* del 29 de mayo de 2025, mediante la cual acreditó que al señor Santana Báez se le notificó que se acogería su moción de reconsideración[5].

En virtud de lo anterior, no podemos si no concluir que es correcta la aseveración del DCR en cuanto a que el recurso *de* revisión judicial de determinación final administrativa presentado el 18 de junio de 2025, resulta prematuro. De hecho, surge de los documentos adjuntados por la agencia recurrida que el DCR resolvió la solicitud de reconsideración el 23 de julio de 2025, notificada al recurrente el 1 de agosto de 2025[6]. En esta, ocasión, el DCR confirmó la denegatoria de traslado solicitada por el señor Santana Báez.

II

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o **prematuro**, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se

---

[4] *Véase*, entrada núm. 3, SUMAC TA.

[5] *Véase*, entrada núm. 5, SUMAC TA, Anejo 1.

[6] *Íd.*

recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Un recurso presentado prematuramente, adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) **los tribunales deben auscultar su propia jurisdicción**; (5) **los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso**; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

III

A la luz de lo antes expuesto, no cabe duda de que, al momento de la presentación del recurso de revisión el 18 de junio de 2025, la agencia había acogido la reconsideración presentada por el señor Santana Báez el 27 de mayo de 2025, y aún no la había resuelto. Por tanto, el término para recurrir ante nos no había comenzado a cursar. Así pues, el recurso fue instado de manera prematura, lo que nos impone la obligación de así decretarlo y desestimarlo.

IV

Conforme a los hechos y al derecho antes consignados, este Tribunal desestima el recurso ante su consideración por carecer de jurisdicción para entender en el mismo, dada su presentación prematura.

Notifíquese.

Lo acordó y manda el Tribunal, lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones