ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| AMG SECURITIES, LLC; JOSÉ EDISON FELICIANO TORRES y MELISSA PINET SALICRUP, por sí y en representación de la sociedad legal de gananciales compuesta por ambos,<br><br>Peticionaria,<br><br>v.<br><br>DPA REAL ESTATE, LLC; DINORAH ROMÁN SANTOS,<br><br>Recurrida. | TA2025CE00006 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón.<br><br>Civil núm.: BY2024CV06903.<br><br>Sobre: *culpa in contrahendo*, incumplimiento de contrato. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de julio de 2025.

La parte peticionaria del título instó el presente recurso de *certiorari* el 16 de junio de 2025. En él, nos solicita la revisión de cuatro (4) dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificados entre el 15 de mayo de 2025, y el 10 de junio de 2025.

Por medio del primero, el foro recurrido concedió un término a la parte peticionaria para que contestara la reconvención instada por la parte recurrida. A través del segundo, dio por admitido el requerimiento de admisiones cursado a la parte peticionaria. Mediante el tercero, le anotó la rebeldía a la parte peticionaria en cuanto a la reconvención instada en su contra. Finalmente, en virtud del cuarto, el tribunal primario declaró sin lugar la moción de desestimación de la reconvención instada por la parte peticionaria.

Examinado el recurso de *certiorari*, así como los dictámenes interlocutorios cuya revisión se solicita, concluimos que no procede expedir el auto.

I

El 17 de noviembre de 2024, AMG Securities, LLC, y José Edison Feliciano Torres, Melissa Pinet Salicrup y la sociedad legal de bienes gananciales compuesta por ambos (en conjunto, parte peticionaria), instaron una demanda sobre incumplimiento de contrato y culpa *in contrahendo* contra DPA Real Estates, LLC (DPA), y Dinorah Román Santos (señora Román)[1]. Tras varias incidencias procesales, el 27 de enero de 2025, DPA y la señora Román presentaron conjuntamente la contestación a la demanda[2].

En lo pertinente a la controversia ante nuestra consideración, el 24 de marzo de 2025, DPA y la señora Román presentaron una *Moción Informativa*[3] en la que notificaron haber cursado el primer pliego de interrogatorio y requerimiento de admisiones a la parte peticionaria. Transcurrido el término dispuesto por el ordenamiento jurídico sin que esta última contestara, el 21 de abril de 2025, la señora Román solicitó que se diese por admitido el requerimiento de admisiones cursado[4]. En esa misma fecha, notificado al próximo día, el foro primario concedió un término de veinte (20) días a la parte peticionaria para exponer su posición al respecto[5].

Más adelante, el 24 de abril de 2025, la señora Román instó una contestación enmendada a la demanda, en la que incluyó una

---

[1] *Véase*, apéndice del recurso, a las págs. 1-7.

[2] *Íd.*, a las págs. 8-13.

[3] A pesar de que la referida moción no fue incluida en el apéndice del recurso, tomamos conocimiento judicial de esta según consta en la entrada núm. 20 del caso BY2024CV06903, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). *Véase*, Regla 201 de Evidencia, 32 LPRA Ap. VI, R. 201.

[4] *Véase*, apéndice del recurso, a la pág. 26.

[5] *Íd.*, a las págs. 27-28.

reconvención[6]. Ese día, el foro recurrido tomó conocimiento de dicha presentación[7].

El 29 de abril de 2025, la parte peticionaria solicitó, entre otros, que se tuviese por no puesta la reconvención[8]. A grandes rasgos, adujo que esta no había sido presentada oportunamente. Detalló que la normativa procesal exigía que una reconvención se presentase junto a la contestación original a la demanda y no mediante una enmienda a esta última.

El 1ro de mayo de 2025, el Tribunal de Primera Instancia declaró sin lugar la solicitud[9].

Así las cosas, el 6 de mayo de 2025, la parte peticionaria solicitó un término adicional de veinte (20) días para oponerse a la solicitud instada por la parte recurrida el 21 de abril de 2025[10]. Al día siguiente, el foro primario le concedió un nuevo plazo, vencedero el 22 de mayo de 2025[11].

Transcurrido el término sin que la parte peticionaria se expresara sobre la referida moción, el 27 de mayo de 2025, el tribunal *a quo* declaró con lugar la solicitud[12].

Cabe señalar que, en el ínterin, específicamente el 15 de mayo de 2025, la señora Román solicitó la anotación de rebeldía de la parte peticionaria[13], puesto que esta no había contestado la reconvención instada. Ante ello, el mismo 15 de mayo de 2025, el foro recurrido concedió un término de siete (7) días a la parte peticionaria para que presentara su contestación[14]. No obstante, esta tampoco presentó la misma.

---

[6] *Véase*, apéndice del recurso, a las págs. 30-36.

[7] *Íd.*, a la pág. 37.

[8] *Íd.*, a las págs. 38-44.

[9] *Íd.*, a las págs. 45-46.

[10] *Íd.*, a las págs. 47-50.

[11] *Íd.*, a las págs. 51-52.

[12] *Íd.*, a las págs. 66-67.

[13] *Íd.*, a la pág. 53.

[14] *Íd.*, a la pág. 54.

Consecuentemente, el 29 de mayo de 2025, el Tribunal de Primera Instancia le anotó la rebeldía en cuanto a la reconvención en su contra[15].

A pesar de los dictámenes emitidos por el tribunal *a quo*, el 6 de junio de 2025, la parte peticionaria solicitó la desestimación de la reconvención[16]. En su escrito, reiteró los argumentos planteados en su moción para se tuviese por no puesta la reconvención. Adicionalmente, solicitó un nuevo término de veinte (20) días para oponerse a la solicitud de admisión del requerimiento de admisiones[17].

Atendidos ambos petitorios, el 8 de junio de 2025, notificado el 10 de junio de 2025, el foro primario los declaró sin lugar[18].

En desacuerdo, el 16 de junio de 2025, la parte peticionaria instó este recurso y formuló los siguientes señalamientos de error:

> Erró y abusó de su discreción el foro de instancia al no rechazar ni desglosar la reconvención de la parte recurrida, cuando dicha reconvención fue presentada inoportunamente, y para colmo el foro de instancia anotó la rebeldía a la parte [peticionaria] por no producir su contestación a dicha reconvención totalmente improcedente. La anotación de rebeldía a la parte [peticionaria] es además incorrecta en derecho, porque la parte [peticionaria] no ha demostrado temeridad, contumacia o frivolidad en este caso.

> Erró y abusó de su discreción el foro de instancia al no avalar la moción sobre intención de oponerse de la parte recurrente en cuanto a la moción informativa de la parte recurrida en la que se solicitó que se tenga por admitido sin oposición su requerimiento de admisiones, cuando la parte recurrente objetó oportunamente dicho requerimiento y dicha objeción fue desatendida por el foro de instancia.

El 25 de junio de 2025, la señora Román presentó el escrito intitulado *Moción en oposición a certiorari presentado [por la] parte peticionaria*.

---

[15] *Véase*, apéndice del recurso, a las págs. 68-69.

[16] *Íd.*, a las págs. 70-76.

[17] *Íd.*, a las págs. 77-81.

[18] *Íd.*, a las págs. 82-83.

II

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier

norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

B

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o **prematuro**, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Por otro lado, como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. *Rodríguez v. Overseas Military,* 160 DPR 270, 277 (2003). No obstante, si una controversia no es justiciable, quiere decir que el tribunal está impedido de resolverla, por carecer de jurisdicción sobre ella. Es decir, "[l]a doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de los mismos". *Smyth, Puig v. Oriental Bank,* 170 DPR 73, 75 (2007).

El término "justiciabilidad" incluye criterios doctrinales que viabilizan la intervención oportuna de los tribunales, uno de los cuales es recogido en la doctrina de **academicidad**. *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 908 (2010). El Tribunal Supremo ha expresado que un pleito se torna académico cuando se intenta obtener una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *E.L.A. v. Aguayo,* 80 DPR 552, 584 (1958). Es

decir, una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *U.P.R. v. Laborde Torres y otros I,* 180 DPR 253, 281 (2010).

Por imperativo constitucional, los tribunales pierden la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado,* 134 DPR 927, 935-936 (1993). Así pues, el propósito de la aludida doctrina evita el uso inadecuado de recursos judiciales.

III

En el presente caso, la parte peticionaria nos solicita que ejerzamos nuestra función revisora respecto a cuatro (4) determinaciones emitidas por el foro primario.

En primer lugar, la parte peticionaria solicita que revisemos la orden emitida y notificada el 15 de mayo de 2025. A través de esta, el tribunal recurrido le concedió un término de siete (7) días para que contestara la reconvención presentada por la parte recurrida el 24 de abril de 2025. Dicho término vencía el 22 de mayo de 2025. No obstante, la parte peticionaria no acudió ante nos hasta el 16 de junio de 2025. Lo anterior, ya transcurrido el plazo concedido por el tribunal primario.

Así pues, resulta evidente que, a esta fecha, el asunto relacionado con la orden emitida el 15 de mayo de 2025, se ha tornado **académico**. Recordemos que los tribunales pierden la jurisdicción sobre un caso por academicidad. En vista de ello, este Tribunal se ve impedido de entrar a considerar los méritos de la orden en cuestión, toda vez que su adjudicación no tendría efecto práctico alguno.

En segundo y tercer lugar, la parte peticionaria nos solicita la revisión de los dictámenes emitidos por el foro primario el 27 y 29 de mayo de 2025. En virtud del primero, el tribunal recurrido dio por admitido el requerimiento

de admisiones cursado por la parte recurrida. Por otro lado, a través del segundo, este le anotó la rebeldía a la parte peticionaria en cuanto a la reconvención presentada en su contra.

Ahora bien, hemos tomado conocimiento judicial de que la parte peticionaria solicitó oportunamente la reconsideración de ambos dictámenes[19]. En específico, surge que, el 11 de junio de 2025, la parte peticionaria presentó una solicitud de reconsideración relacionada a la admisión del requerimiento de admisiones[20]. Asimismo, el 12 de junio de 2025, solicitó la reconsideración de la anotación de rebeldía[21]. Aún más, el 13 de junio de 2025, el foro primario concedió un término de veinte (20) días a la señora Román para que se expresara en torno a la primera moción de reconsideración, y esta se expresó el 23 de junio de 2025[22]; es decir, ya presentado este recurso de *certiorari*.

Lo antes reseñado revela que, al momento de la presentación del recurso, tanto las mociones de reconsideración de la parte peticionaria, como la oposición de la señora Román, aún estaban ante la consideración del foro recurrido. En otras palabras, el recurso ante nuestra consideración fue instado previo a que el foro primario adjudicara las mociones antes reseñadas.

A tenor con el derecho expuesto, concluimos que no tenemos jurisdicción para atender en sus méritos los dictámenes emitidos el 27 y 29 de mayo de 2025, al ser planteamientos **prematuros**.

Finalmente, la parte peticionaria impugna la orden emitida el 10 de junio de 2025. En virtud de esta, el foro primario declaró sin lugar la moción de desestimación de la reconvención, presentada por la parte peticionaria el 6 de junio de 2025. Sobre el asunto, insiste en que la reconvención fue presentada a destiempo, pues la demanda ya había sido contestada.

---

[19] *Véase*, Regla 201 de Evidencia, 32 LPRA Ap. VI, R. 201.

[20] *Véase*, expediente del caso BY2024CV06903 en el SUMAC, entrada núm. 48.

[21] *Íd.*, entrada núm. 49.

[22] *Íd.*, entrada núm. 51.

Por otro lado, la parte recurrida aduce que los planteamientos esbozados por la parte peticionaria ya fueron resueltos por el tribunal.

Evaluados los escritos de las partes comparecientes, la resolución en cuestión, así como el derecho aplicable, este Tribunal concluye que la parte peticionaria no logró establecer que el foro primario hubiera incurrido en error alguno que justifique nuestra intervención en esta etapa de los procedimientos. Afirmamos que, en cuanto a este último asunto, no concurren los criterios establecidos en la Regla 40 de este Tribunal, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025), para expedir el auto de *certiorari*.

IV

A la luz de todo lo antes expuesto, este Tribunal **deniega** la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones