ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MARYELA VELÁZQUEZ COLÓN,<br><br>Recurrente,<br><br>v.<br><br>CORPORACIÓN DEL CENTRO CARDIOVASCULAR DE PUERTO RICO Y DEL CARIBE,<br><br>Recurrida. | TA2026RA00020 | REVISIÓN procedente del Centro Cardiovascular de Puerto Rico y del Caribe.<br><br>Caso: 2025-RAPCR-044.<br><br>Sobre: determinación final de revisión administrativa de clasificación de puesto y retribución. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 15 de enero de 2026.

La recurrente, señora Maryela Velázquez Colón (señora Velázquez), presentó por derecho propio este recurso, el cual intituló *Apelación*, el 7 de enero de 2026. En él, solicitó que revisáramos la resolución dictada por el director ejecutivo de la Corporación del Centro Cardiovascular de Puerto y del Caribe (Centro Cardiovascular).

Conforme surge de la comunicación del director ejecutivo, esta fue suscrita el 7 de noviembre de 2025, y archivada y notificada el 18 de noviembre de 2025[1]. En ella, se apercibe a la señora Velázquez de su derecho a solicitar la revisión de la determinación ante este Tribunal de Apelaciones, en un término jurisdiccional de 30 días, computado a partir de la notificación de la decisión[2].

El mismo 7 de enero de 2026, ante el apercibimiento de la Secretaría de este Tribunal de que estaba obligada a cancelar los aranceles de

---

[1] *Véase*, apéndice del recurso.

[2] En síntesis, la señora Velázquez solicitaba que se reconsiderara la clasificación y retribución que se le había adjudicado al puesto que ocupa en el Centro Cardiovascular, a partir del nuevo plan de clasificación aprobado.

presentación[3], la señora Velázquez así lo hizo, por lo que se dio por presentado el recurso el 7 de enero de 2026[4].

A la luz de estos hechos, este Tribunal no tiene otra alternativa que ordenar la desestimación del recurso de revisión instado por la señora Velázquez, pues fue presentado tardíamente, por lo que carecemos de jurisdicción para atenderlo.

I

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, **que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene**. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Al igual que un recurso presentado prematuramente, un **recurso tardío** adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) **los tribunales deben auscultar su propia jurisdicción**; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede

---

[3] Véase, *Moción Informativa*, entrada 2 del SUMAC TA.

[4] La Regla 58(A) del Reglamento de este Tribunal de Apelaciones, según enmendado, establece que **la fecha del pago de los derechos arancelarios constituirá la fecha de presentación del recurso de revisión**.

hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio. Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

**De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación**. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). De otra parte, la Regla 83(C) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83.

II

Un examen del trámite del recurso que nos ocupa revela que la parte recurrente, señora Velázquez, no nos colocó en posición de ejercer nuestra función revisora. Lo anterior, ya que presentó su recurso fuera del término jurisdiccional establecido.

Como indicamos, la determinación del director ejecutivo del Centro Cardiovascular fue archivada y notificada el **18 de noviembre de 2025**. En ella, se apercibió a la señora Velázquez que contaba con un término jurisdiccional de 30 días para comparecer ante nos. **Ese término venció el 18 de diciembre de 2025**. No obstante, no fue sino hasta el **7 de enero de 2026** que la señora Velázquez canceló los aranceles correspondientes, por lo que es en esa fecha que se entiende presentado el recurso.

Conforme al derecho aplicable, este Tribunal está impedido de considerar la petición de la recurrente, por lo que no tenemos otra alternativa que ordenar su desestimación.

III

A la luz de lo antes expuesto, **desestimamos** el recurso ante nuestra consideración por este Tribunal carecer de jurisdicción para entender en el mismo dada su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones